Charles A. Loreto, J.
This is an action for declaratory judgment arising out of a dispute as to coverage and other provisions under a manufacturers’ and contractors’ liability policy.
Some time in March of 1954, an action was instituted against the defendant, the insured under the policy herein. The action arose out of an accident in which it was alleged that an employee of the insured was negligent in the operation of a motor vehicle owned by the defendant. The summons was turned over to the insurance carrier, the plaintiff in this case, who put in an appearance on behalf of the assured. Later, after making some investigation, the carrier notified the insured, that since the accident occurred off the insured premises, it had no obligation under the insurance contract and therefore it was withdrawing from the case. Defendant thereupon was compelled to take its own counsel, and the negligence action was subsequently settled for $1,300.
It is defendant’s contention that under the terms of the agreement it was incumbent upon the plaintiff to defend the action, and having breached its duty, the plaintiff is responsible in damages for the amount of settlement plus reasonable counsel fee.
The basis for plaintiff’s disclaimer is an item in the insurance policy which excludes coverage of hazards arising out of ‘ operations * * * away from the premises owned, rented, or controlled by the insured.” There is no dispute that the actual accident occurred off the insured premises. Defendant *1096 contends, however, that since the claim in the negligence action attempted to trace the negligence to the premises (i.e., that the owner was negligent in failing to properly supervise his employee on the premises and in permitting him to remove the automobile), the claim was within the purview of the contract.
It is clear to the court that plaintiff’s disclaimer arises out of a confusion between two distinct obligations under the contract, to wit, (1) the duty to pay claims covered by the policy for which the insured might be liable, and (2) the duty to defend any suit wherein a claim is alleged within the coverage of the policy. Following the holding in Goldberg v. Lumber Mut. Gas. Ins. Co. (297 N. Y. 148) our courts have uniformly observed that the latter duty is broader than the former. ‘ ‘ If the complaint in the negligence action shows a claim within the coverage of the policy, the insurer must defend on behalf of the insured.” (Boneparth, J., in Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, 254.)
At bar, although the complaint did not allege that the accident occurred on the premises, it did incorporate in paragraph 11 thereof as charges of negligence attributable to the defendant “in failing to have competent help; in failing to properly supervise said help ’ ’.
It might well be that the plaintiff in that case could never prove these specifications of negligence which the insurance carrier had reason to believe were not founded in fact. However, it is not the probability of recovery on the claim asserted, but its possibility no matter how remote that matters. Here, there was a clear assertion of an act or omission as a charge of negligence originating on the premises, that had to be met by answer and defense, which was the obligation of the insurer to assured. That the plaintiff in that action could not or might not prevail under that claim, does not relieve the insurer of its contractual obligation. Under similar policies, accidents occurring off the premises were held to be within the coverage of the policy because the alleged negligence was traceable to the insured’s place of business (Lieberman v. New Amsterdam Cas. Co., 284 App. Div. 1051; American Employers Ins. Co. v. Goble Aircraft Specialties, 205 Misc. 1066).
The question remaining to consider is the insurer’s liability to its insured for the amount paid in settlement of the suit brought against him and the legal fee incurred in its defense.
Plaintiff’s abdication put the defendant in a position where he was forced to settle, thus avoiding a possibly large judgment. On the facts here adduced, the court finds that the settlement was reasonable. “ A sum paid in the prudent settlement of a *1097 suit is paid under the compulsion of the suit a.s truly as it were paid upon execution.” (Holmes, J., in St. Louis Beef Co. v. Casualty Co., 201 U. S. 173, 182.) Had the carrier defended the negligence action as it was required to do, it might have met and had determined the issue as to its duty to pay. Having breached its obligation, it is liable to its insured for any reasonable expenditures flowing therefrom. (Matter of Empire State Sur. Co., 214 N. Y. 553.)
Accordingly, plaintiff’s prayer for declaratory judgment absolving it from any obligation under the policy is denied. Defendant on the counterclaim is awarded the sum of $3,300, representing $1,300 paid on the settlement of the suit, plus $2,000 as reasonable counsel fee incurred in its defense.
The foregoing constitutes the decision of the court as required by section 440 of the Civil Practice Act.
Judgment may be entered accordingly. Twenty days’ stay.