## 17986

Bruce C. GIBSON, doing business as Bruce Gibson Pool Company, Appellant, v. GLENS FALLS INSURANCE COMPANY, Respondent.

(128 S. E. (2d) 157)

*Messrs. Rainey, Fant & Horton,* of Greenville, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

November 7, 1962

LEWIS, Justice.

The plaintiff was engaged in the swimming pool business and his operations were covered by a policy of Manufacturers' and Contractor's Liability insurance issued to him by the defendant, under which the defendant agreed, subject to the exclusions in the policy, to pay all sums to the extent of the specified limits, which the plaintiff became legally obligated to pay as damages because of accidental injury to or destrustion of property arising out of the business operations of the plaintiff, and to defend any suit against the plaintiff for the recovery of such damages. During the course of the performance by the plaintiff of a contract for the cleaning of a swimming pool for a customer, accidental damage occurred to the pool, requiring the plaintiff to pay the sum of $1,921.31 in settlement of a suit instituted against him for such damages and the futher sum of $750.00 as attorneys' fees incurred in defense of the action. Upon the refusal of the defendant to pay the foregoing amounts, the plaintiff instituted this action for recovery thereof under the provisions of the policy of insurance in question.

The sole defense of the defendant to the present action was that the loss for which plaintiff made claim was not covered by the policy, relying upon a policy exclusion clause which provided that coverage thereunder for injury to or destruction of property did not apply to *"property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control."* It is the contention of the defendant that the swimming pool was in the "care, custody or control" of the plaintiff at the time of the accidental injury thereto within the meaning of the above exclusion clause, and, therefore, such loss was excluded from coverage under the policy.

The case was tried in the lower court largely upon an agreed statement of facts, with only the plaintiff testifying. At the conclusion of the testimony, both the plaintiff and the defendant made motions for a directed verdict. The trial judge concluded that under the undisputed facts the damage and loss to the swimming pool was not covered under the policy in question by virtue of the foregoing exclusion clause, withdrew the case from the jury, and granted the motion of the defendant for a directed verdict in its favor. The plaintiff has appealed from such judgment, charging error on the part of the trial court in (1) granting the motion of the defendant and (2) the refusal to grant that of the plaintiff.

We agree with the trial judge that the facts are not in dispute and that there were no factual issues to be determined by the jury. Therefore, the sole question to be decided in this appeal is whether or not the trial court erred in concluding, under the undisputed facts, that the swimming pool in question was under the care, custody or control of the plaintiff at the time of the loss for which claim is made. If it was, the loss was not covered under the policy of insurance and the motion for judgment in favor of the defendant was properly granted. If it was not, the motion of the plaintiff for judgment in his favor should have been granted.

The following statement of the facts, out of which plaintiff's claim arose, is taken largely from the agreed statement of facts in the record.

Sometime prior to March 21, 1960, the plaintiff was employed by L. C. Pearson to clean a swimming pool located upon Pearson's property, near his residence. The agreement to clean the pool was oral and Pearson was to be billed for the cost of the job when it was finished. On March 21, 1960, at about 10:00 A. M., the employees of the plaintiff began cleaning the pool. In the cleaning process the water was gradually drained from the pool and the walls cleaned with muriatic acid as the water receded. The floor was to be cleaned when all of the water was finally drained from the pool. The employees of plaintiff left the Pearson premises about 4:00 P. M. on March 21st. At that time about one half of the water had been drained from the pool. When the employees returned on the following morning, it was discovered that some time during their absence, the pool had risen about fifteen (15) inches out of its foundation due to hydrostatic pressure. Plaintiff's employees, in an effort to restore it to its proper position, knocked a hole in the bottom of the pool, and it returned to within about six (6) inches of its foundation, but would recede no further.

Subsequently Pearson made claim against the plaintiff for damages to the pool and later filed suit against him. The plaintiff promptly notified the defendant of the claim and suit and of all of the developments in the case, but the defendant refused to investigate the claim or defend the action. As a result, the plaintiff was forced to employ attorneys to defend the action, and upon their advice, ultimately settled Pearson's claim at a cost to plaintiff of $1,921.31. Attorney's fees were paid in defense of the suit in the amount of $750.00. It was agreed that the amount of the settlement and attorneys' fees were reasonable and necessary under the circumstances.

Similar policy provisions to those here under consideration, containing care, custody and control exclusions, have been the subject of much litigation and judicial interpretation. The order of the lower court reviews in considerable detail some of these decisions. Such policy provisions are the subject of an annotation in 62 A. L. R. (2d) 1242,

where many of the cases are collected and analyzed. However, a review and analysis of the various interpretations placed upon such care, custody and control exclusions is unnecessary to a decision in this case. It is apparent from the decisions that the application of such policy provision is dependent largely upon the facts and circumstances of each case.

The exclusion clause here involved clearly has reference to injury or damage *when* the property is under the care, custody or control of the insured. If at the time of the accident the property was not in the insured's care, custody or control, the exclusion would not apply, as the rights of the parties are fixed at the time of the loss. *Crook v. Hartford Fire Insurance Co.* 175 S. C. 42, 178 S. E. 254.

Under the facts of this case, the plaintiff was not exercising care, custody or control of the swimming pool at the time of the injury. The pool was located on the property of the owner, near his residence. The contract of the plaintiff provided only for the cleaning of the inside walls and floor of the pool, and he had access to it for that purpose only. At the time that the pool rose from its foundation, neither the plaintiff nor his employees were on the premises, having ceased their operations several hours before. It is true that the plaintiff intended to return the next day to finish cleaning the pool, but this fact only established his right to access to the pool to finish the cleaning and did not within itself place the pool in his care, custody or control. Care, custody or control of property implies more than the mere right of access to it, which was all that the plaintiff had at the time of the accidental loss.

The exclusion clause in question contemplates those situations where the insured exercises some sort of control over the property damaged. In this case, we do not reach the question of the extent of control necessary for its application, for the insured had no custody or control of the property at the time of the loss under any view of the matter.

Therefore, the lower court erred in directing a verdict for the defendant and in refusing to enter judgment for the plaintiff. The judgment of the lower court is accordingly reversed and the cause remanded for entry of judgment in favor of the plaintiff.

Reversed and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.