Hugh S. Coyle, J.
This is a motion by plaintiff for an order granting summary judgment in his favor and against the defendant, as prayed for in the complaint. Plaintiff had a policy of insurance with the defendant. During the term of the policy, he entered into a contract with the Pleasantville Builders, Inc., to clean certain windows in an addition being added to the school of the Holy Rosary Church and, pursuant to this contract, entered upon the performance of the work in question. The Pleasantville Builders, Inc., allege in another action wherein Klapper is named as defendant, that the work was performed improperly; the windows being scratched to such an extent that replacement was required and that damages will amount to approximately $5,217.87.
*216 It is the position of the Hanover Insurance Company in this action that the property allegedly damaged by plaintiff, as insured under the policy, was not covered by reason of an exclusion clause which provided in part as follows: ‘ ‘ Exclusion — This policy does not apply: (Paragraph ‘ 1 ’) ‘ Under B, to injury to or destruction of subdivision (3) * * * property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control ’ ”. By letter dated November 5, 1962, defendant advised plaintiff that it would defend the action with the understanding that if it is established upon the trial of this action that the property damaged was in the care, custody and control of the insured, or that the property was under the physical control of plaintiff, then and in that event, there would be no coverage under the policy for any judgment so recovered by the plaintiff, Pleasantville Builders, Inc., in the action against Klapper.
After an examination of the authorities cited by plaintiff and defendant in their respective briefs it would appear that there are cases in the various States which are contrary to one another. However, it would appear that the eases in the State of New York involving a legal interpretation of the application of an “ exclusion clause”, such as is present in the instant motion, will not be construed to relieve the insurance carrier, where the subject matter of the action involves real property as opposed to personal property.
For the court to hold that the windows in question were in the care, custody and control of the plaintiff, who was upon the premises for the purpose of cleaning said windows, is, in the court’s opinion, stretching a point. Possession or control of real property is indicated by an occupation exclusive of the control of anyone else. Plaintiff and his employees were upon the premises temporarily for the purpose of doing the work, and control of the property remained in the general contractor or owners. (Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co., 280 App. Div. 665; General Mut. Ins. Co. v. Wright, 7 Misc 2d 331; Morris & Co. v. Lumber Mut. Cas. Ins. Co., 163 Misc. 715.)
Before it can be said that a person was exercising care, custody or control over property insofar as the exclusion clause is concerned, it must be determined what he was doing upon the premises, and not only whether the property is realty or personalty, but the location, size and other characteristics of the property, and what his interest was in the property.
Here we have a contractor who was hired to clean windows, and nothing more. Certainly, it cannot be said that the contractor had care, custody and control over them, when they are *217 admittedly a part of the real property. The holding of this court might well be different were the windows detached from the building and given over to the contractor for cleaning, but such was not the case in the action before the court.
Under the circumstances, it is the decision of this court that the plaintiff’s motion be in all respects granted.