David F. Lee, Jr., J.
In this action to declare the rights of the parties under a “ Comprehensive General Liability Policy ” of insurance issued by the defendant Continental Casualty Co. (“Continental”) the plaintiff seeks a partial summary judgment.
The plaintiff is in the business of servicing and repairing trucks and trailers. On May 17, 1962 a tractor-trailer owned by the defendant Neptune Worldwide Moving, Inc. (“ Neptune ”) was driven to plaintiff’s garage when a brace, referred to as a ‘ ‘ dolly leg ” or “ dolly wheel, ’ ’ used to support the trailer when not attached to the tractor, was in need of repair. The keys to neither the tractor nor the trailer were relinquished by the driver, an employee of Neptune, and the driver did not leave the garage area where the work on the tractor-trailer was being performed. The tractor was not separated from the trailer while at plaintiff’s garage. The plaintiff, or his employee, used a cutting torch or a blowtorch to cut the rusted bolts holding the “ Dolly leg ” or “ dolly wheel ” to the frame of the trailer. When the work was completed the tractor-trailer was driven away from plaintiff’s garage. After the tractor-trailer had travelled about a mile the driver noticed smoke coming from the trailer. The interior of the trailer and some of the contents, cargo being transported, machinery and furniture pads, are alleged to have been damaged by the fire. In the principal action the plaintiff, Neptune, seeks judgment against Donald P. Neville in negligence for damages to its trailer, and also for the damage to the cargo being transported by it.
*294 Continental has disclaimed under the “ Completed Operations Exclusion ” and the “ Care, Custody and Control Exclusion ” clauses of the policy of insurance issued to plaintiff. The policy shows the named insured to be (1) Donald P. Neville, (2) Donald P. Neville doing business as Neville Truck & Trailer Service and (3) Donald P. Neville doing business as Neville and Neville, and states that the business of the named insured is “ Long Haul Truckman & Repair Garage.” There are seven separate endorsements, each of which ‘ ‘ forms a part of and is for attachment to the * * * policy”.
The plaintiff seeks “partial summary judgment as to that part of the cause of action alleging defendant insurance company’s liability for damage to the contents of the trailer alleged in the complaint herein and severing the action as to the balance of the relief demanded in the complaint upon the ground that there is no defense to said cause of action, and for such other and further relief as may be just, proper and equitable.” In this action the plaintiff moves ‘ ‘ for an order striking out the defendant Continental Casualty Co. ’s answer in part and directing the entry of partial summary judgment in his favor against the defendant * * * to defend the plaintiff in the action based on alleged damage to the contents of the trailer, and pay any settlement or judgment against plaintiff.”
The question of the policy coverage upon this motion, unless any party shall show facts sufficient to require a trial of any issue of fact, is to be determined by the terms of the policy issued to plaintiff by Continental, and the allegations of the amended complaint in the principal action.
It is the obligation of an insurer to defend an action brought against an insured where the complaint in that action alleges facts within the coverage of the policy irrespective of the ultimate liability of the insured. (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148; Grand Union Co. v. General Acc., Fire & Life Assur. Corp., 254 App. Div. 274, affd. 279 N. Y. 638; Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251; Fitzsimmons v. United States Fire Ins. Co., 16 Misc 2d 972; Brooklyn & Queens Allied Oil Burner Serv. v. Security Mut. Ins. Co., 27 Misc 2d 401.)
The amended complaint in the principal action alleges:
“ 4. That on or about the 17th day of May, 1962, the plaintiff had hired the defendant to perform certain work on said trailer, and as a result the plaintiff transported said trailer to the defendant’s place of business located at Conklin, New York.
“ 5. That at said time and place the defendant through his agents, servants and employees did then and there and in the *295 presence of the agent and employee of the plaintiff undertake to remove a ‘ dolly wheel ’ from the plaintiff’s trailer by means of a cutting torch and device.
“ 6. That the defendant, his agents, servants and employees conducted said cutting and removal of the dolly wheel in a careless and negligent manner so as to cause damage to the cargo hereinabove referred to.
‘1 7. That said damage was caused solely and completely by the negligence of the defendant and without any negligence on the part of the plaintiff or the owner of said cargo contributing thereto.
“ 8. That the negligence of the defendant resulted in a fire and ensuing damage in and to said trailer and cargo after the plaintiff’s trailer had left the premises of the defendant and while being transported by the plaintiff’s employee.”
The defendant, Continental, denies that the policy issued plaintiff covers the loss alleged in the complaint, and has refused to defend the action or cover the loss, contending that the alleged loss is specifically excluded from the policy.
The insuring agreements provide:
“ 1. COVERAGE B-PROPERTY DAMAGE LIABILITY To pay On behalf
of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.”
The policy of insurance further provides:
‘ ‘ EXCLUSIONS
this policy does not apply, under coverage B, to injury to or destruction of (1) property owned or” (par. [h], 3 and 4) “ except with respect to liability under such sidetrack agreements or the use of elevators or escalators at premises owned by, rented to or controlled by the named insured, property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, or any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named insured, or work completed by or for the named insured, out of which the accident arises.”
That the work on the trailer had been completed when the tractor-trailer left the plaintiff’s premises is not disputed. The allegations of the amended complaint in the principal action, the negligence of the defendant, his agents, servants and employees at the plaintiff’s garage, however, allege facts within the policy coverage. The fact that the fire in the trailer was discovered *296 away from the plaintiff’s garage does not bring this action, the principal action, within the “ Completed Operations Exclusion ” clause of the policy. “ The circumstance that some grounds are alleged in the complaints in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend these actions (Doyle v. Allstate Ins. Co., 1 N Y 2d 439).” (Prashker v. United States Guar. Co., 1 N Y 2d 584, 592; Exchange Mut. Ins. Co. v. Blazey, 19 A D 2d 682.) The court in Empire Mut. Ins. Co. v. Bogart (13 Misc 2d 1094, 1096) writing with reference to the duty to pay claims covered by a policy for which the insured might be liable, and the duty to defend any suit wherein a claim is alleged within the coverage of the policy stated: “ Following the holding in Goldberg v. Lumber Mut. Cas. Ins. Co. (297 N. Y. 148) our courts have uniformly observed that the latter duty is broader than the former. ‘ If the complaint in the negligence action shows a claim within the coverage of the policy, the insurer must defend on behalf of the insured. ’ (Boneparth, J., in Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, 254.) ”
The language of the 1 ‘ Care, Custody and Control Exclusion ’ ’ clause of the policy in question is the same as that set forth in Pompeii v. Phoenix Assur. Co. (7 Misc 2d 846, affd. 7 A D 2d 806). Here, as in Pompeii v. Phoenix Assur. Co. (supra) where the owner brought his car to plaintiff’s garage, the plaintiff places considerable stress upon the fact that the driver stood nearby, and did not leave the garage area while the work was being performed. The plaintiff here also places stress upon the fact that the keys to neither the tractor nor the trailer were relinquished while the work was being done.
It is the opinion of this court that the physical control of the trailer had been temporarily relinquished for the purpose of having the “dolly wheel” removed, and that plaintiff was exercising physical control of the trailer for that purpose.
The question for determination by this court with regard to the “ Care, Custody and Control Exclusion ” clause is whether or not a repairman who has physical control of a trailer also has physical control of the contents of the trailer under the circumstances presented here. If he does, then the “ Care, Custody and Control Exclusion” clause does apply, but if he does not have control of the contents then, of course, it does not apply. The policy of insurance excludes property over which the plaintiff “ for any purpose ” was exercising physical control. The court is of the opinion that the trailer and the contents "were in the physical control of the plaintiff; that, but *297 for the wording in ‘ ‘ Declarations Schedule 1, ’ ’ the 1 ‘ Care, Custody and Control Exclusion ” clause would apply, and the loss alleged in the principal action excluded under the terms of the policy issued by Continental to plaintiff.
One of the seven endorsements attached to the policy is a “ Comprehensive Personal Liability Endorsement.” This endorsement also excludes “ damage to property used by, rented to or in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control.”
The plaintiff urges that “ the insured was a repairman. He held the Comprehensive General Liability Policy with a specific rider carrying the highest premium, stating, ‘ Automobile body or trailer body repairing — all operations.’ Certainly here, the insured was entitled to rely upon what he read in his policy. ’ ’ A careful reading of the policy and the several endorsements does not reveal coverage as indicated, although the ‘ ‘ Declarations Schedule 1 ” setting forth the “ Description of Hazards ”, “Premium Bases”, “Rates”, “Advance Premiums,” and which was signed by a “ Licensed Resident Agent ”, does include such wording. Item 4 under “ Declarations ” on the first page of the policy states: ‘ ‘ The declarations are completed on attached schedules designated Schedule 1 ”, and item 5 reads: “ The schedules disclose all hazards insured hereunder known to exist at the effective date of this policy, unless otherwise stated herein.” In Schedule 1 is found the wording describing the hazards, and under the words ‘ ‘ Description of Hazards ’ ’ there appears in smaller print the wording ‘ ‘ The rating classifications under the Description of Hazards do not modify the exclusions or other terms of this policy.” It is under this wording that the form has been completed by Continental in somewhat larger print or type with the wording 11 Automobile Body or Trailer Body repairing — all operations..... 3437.” When filling out the form of the schedule under “ Description of Hazards ” it would have been a simple matter for Continental to state with the described operations that when a vehicle, a tractor or trailer was in his, the plaintiff’s, care, custody or control it would not be covered, and that the described operation when completed, would not be covered, if that was Continental’s intent. The policy, or its renewal, as it was at the time of the alleged loss, under “ Description of Hazards ” stated: “ Automobile Body or Trailer Body repairing — all operations,” and no qualifying words appear on Schedule 1 with this wording to which the average man would ascribe any meaning other than *298 that he had coverage for all operations in his garage repair work. The duty of an insurer to defend should not be imposed upon the basis of an implausible interpretation of plain language, but any reasonable doubt as to the obligation to defend must be resolved in favor of the insured.
There have been decisions written in many cases concerning fire insurance policies and life insurance policies, and the reasoning in those areas is applicable in matters involving liability policies of insurance. The Court of Appeals in Hartol Prods. Corp. v. Prudential Ins. Co. (290 N. Y. 44, 50) stated: “The question is simply whether the average man in applying for insurance and reading the language of this policy at the time it was written would ascribe the meaning to that language which the insurance company here urges ”. In Bronx Sav. Bank v. Weigandt (1 N Y 2d 545, 551) the court said: “ It is not enough if the applicant might have so construed it, provided it could reasonably be construed otherwise. To sustain the construction urged, the insurer has the burden of establishing that ‘ the words and expressions used not only are susceptible of that construction but that it is the only construction that can fairly be placed thereon ’ (Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44, 49, supra).’’ (See, also, Home Ins. Co. v. Aurigemma, 45 Misc 2d 875, 878 and Cohen v. Jacoby, 27 Misc 2d 396, 399, 400.) The court further stated in Bronx Sav. Bank v. Weigandt (supra, p. 553): “It is too late then for him to seek other insurance. An insurer is entitled to protect itself against risks it does not wish to take so that it can accurately predetermine its premium rates. But it must manifest its intent to exclude such risks in clear, unequivocal terms. The clause before us does not meet this test.” The court concludes that Continental manifested an intent to include in the policy coverage “ Automobile Body or Trailer Body repairing— all operations,” and did not manifest an intent to exclude care, custody and control or completed operations in clear, unequivocal terms, and is obligated under the policy issued to plaintiff to defend the negligence action brought against the plaintiff and to pay any damages which may be awarded in the negligence action to the extent provided by the policy issued to the plaintiff.
Partial summary judgment, without costs, is accordingly-granted to plaintiff.