■ DONALD P. NEVILLE, Doing Business as NEVILLE TRUCK & TRAILER SERVICE, Respondent, v. CONTINENTAL CASUALTY Co., Appellant, and NEPTUNE WORLDWIDE MOVING, INC., Respondent.— *Per Curiam*. Appeal from an order and judgment of the Supreme Court at Special Term in Broome County which granted plaintiff's motion for partial summary judgment in an action for declaratory judgment that defendant insurance company is required under its policy to defend and indemnify plaintiff against the claim and action of defendant transport company for damage to a trailer owned by said defendant and damage to the trailer cargo owned by another, caused by the alleged negligence of the plaintiff in detaching a wheel from the trailer by means of a blowtorch, whereby combustion occurred within the trailer with consequent damage to the cargo; the partial summary judgment relating only to the claim for damage to the cargo. The "Comprehensive General Liability Policy" in suit included among the hazards insured against the following: "Automobile Body or Trailer Body Repairing — all operations". The insurer contended at Special Term that liability for the cargo damage was excluded by two exclusions, one of which was held by Special Term to be inapplicable and is not urged on this appeal; and the other being of "property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control". Upon a reading of the entire policy, Special Term held that the insurer "manifested an intent to include in the policy coverage 'Automobile Body or Trailer Body repairing — all operations —' and did not manifest an intent to exclude care, custody and control or completed operations in clear, unequivocal terms, and is obligated under the policy issued to plaintiff to defend the negligence action brought against plaintiff and to pay any damages which may be awarded in the negligence action to the extent provided by the policy issued to the plaintiff." It is not necessary for us to pass on the legal conclusion thus announced, as we find that plaintiff did not, in any event, have the care, custody or control of the property constituting the cargo. The latter consisted of business machinery owned by a third person and in course of transport by defendant transport company. No other relationship between the owner of the cargo and any other party has been shown or even suggested. The work on the wheel on the exterior of the trailer was in no way related to the cargo. Plaintiff's affidavit, showing, among other things, that the transport company's driver remained in charge of the cargo and held and at no time relinquished the key to the trailer, was sufficient, in the light of the other circumstances, to negate any theory of care, custody or control on the part of the plaintiff; particularly so in the light of defendant insurer's failure to deny any of the pertinent averments or to rebut the inferences reasonably drawn from them or, in fact, to make any factual showing respecting the transaction, its opposition being limited to the affidavit of its attorney addressed to the provisions of the policy. In finding control,

the Special Term mistakenly relied on *Pompeii* v. *Phoenix Assur. Co.* (7 A D 2d 806) which is readily distinguishable as involving the vehicle and not a distinct and segregated cargo. Judgment and order affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting. [49 Misc 2d 292.]