Donald H. Mead, J.
Plaintiff, C. W. Davis Supply Co., Inc., (hereinafter referred to as “ Davis ”), an insured under a comprehensive general liability insurance policy issued by defendant, Newark Insurance Company (hereinafter referred to as “Newark”), moves for partial summary judgment directing Newark to defend Davis in an action brought by Northeastern Consolidated Company (hereinafter referred to as “ Northeastern ”) against Davis. This motion arises out of a declaratory judgment action in which plaintiff, Davis, seeks a declaration that defendant, Newark, (1) has a duty to defend Davis in the afore-mentioned lawsuit and (2) that defendant, Newark, will be liable for any judgment resulting from the lawsuit by reason of a comprehensive general liability insurance policy issued by said insurance company to plaintiff, Davis.
The declaratory judgment action is based on the following facts. In December, 1963, Davis entered into a contract with the City of Ogdensburg to install heating and ventilating equipment in a water pollution control plant. Northeastern also entered into a separate contract with that city to do the general construction of the plant. Each company was a prime contractor with the City of Ogdensburg, having no contractual relationship with each other. After work was in process on the part of Northeastern and Davis, there came a time when Northeastern made a claim that certain employees of Davis, while drilling holes in the ceiling of the building under construction, in preparation for installation of heaters, cut certain cables which resulted in damages to Northeastern. Davis gave Newark *948 notice of the claim. Newark conducted an investigation and was kept advised of all negotiations between Davis and Northeastern and participated therein in part. Subsequently, on March 13, 1967, over two years after the incident occurred, Northeastern, as plaintiff, brought an action against Davis, the City of Ogdensburg and Collum Acoustical Co. Inc., as defendants. The summons and complaint in that action were forwarded to Newark by Davis. On June 14,1967, Newark advised Davis that the claim was not covered by the insurance policy and refused to provide Davis a defense in said action. Thereupon Davis brought the present declaratory judgment action under consideration by this court.
The comprehensive general liability policy issued by Newark to Davis provided, inter alia: “ To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of: * * * physical injury to or destruction of tangible property * * * caused by an occurrence, and the Company shall have the right and duty to defend any suit alleging such * * * property damage ”. The word “ occurrence ” is defined as “an accident or continuous or repeated exposure to conditions, provided the injury or damage is neither expected nor intended ’ \ The policy also contains the following exclusion: ‘ ‘ This endorsement does not apply: # * * (h) to property damage to * * * (3) property in the care, custody or control of the insured or as to which the insured for any purpose is exercising physical control ’ ’.
It is the main contention of Newark that the afore-mentioned “ care, custody and control ” clause excludes the claim of Northeastern from coverage under the policy. However, the court, having considered the numerous cases dealing with this issue, finds the ruling in Klapper v. Hanover Ins. Co. (39 Misc 2d 215) pertinent to the case at bar. “Possession or control of real property is indicated by an occupation exclusive of the control of anyone else. Plaintiff and his employees were upon the premises temporarily for the purpose of doing the work, and control of the property remained in the general contractor or owners.” (Klapper, supra, p. 216.) (In accord, see Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co. of N. Y., 280 App. Div. 665; General Mut. Ins. Co. v. Wright, 7 Misc 2d 331; Morris & Co. v. Lumber Mut. Cas. Ins. Co., 163 Misc. 715.) In Morris & Co. the court stated (pp. 718-719): “ Neither do I agree with the defendants’s conclusion that the property of the Tivoli Theatre was in the care, custody and control of the plaintiff during this work. The plaintiff and its employees were only in the theatre *949 because they had a contract to work there. They had no care and custody of the theatre property as such, nor did they have any control over it in the sense that a person who has personal property in his possession, such as an automobile, may be said to have control of it. Possession or control of real property is indicated by an occupation exclusive of the control of anyone else. The plaintiff and its employees were simply in this property temporarily for the purpose of doing the work. The control of the property still remained in the owners or lessees thereof.” Therefore, this court finds that the occurrence in question is not one which falls within the ‘ ‘ care, custody and control ” exclusion.
Newark also contends that the action brought by Northeastern against Davis is a contract action and for that reason also does not fall within the purview of the policy’s coverage. However, there is nothing before this court to establish or even indicate that a contractual relationship existed between Davis and Northeastern. Furthermore, the complaint of Northeastern alleges, inter alia, that extensive damage was caused to roof beams as a result of the negligence of the agents and employees of Davis and Oollum Acoustical Co. It is further alleged that due to this negligence, Northeastern had to repair the roof damage which resulted in financial loss. Newark, in its policy agreed to ‘ ‘ defend any suit alleging such * * * property damage and seeking damages
“Ascribing to the terms of the policy * * * a natural and reasonable meaning ”, (Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y., 297 N. Y. 148, 152), this court determines that the complaint alleges facts which could give rise to liability under the policy. (Goldberg, supra; Ross v. Maryland Cas. Co., 11 A D 2d 1002; Mitchell v. Lindstrom, 12 A D 2d 813; Trans Caribbean Airways v. Lockheed Aircraft Serv. Int., 14 A D 2d 749; Neville v. Continental Cas. Co., 49 Misc 2d 292; Clarke v. Fidelity & Cas. Co. of N. Y., 55 Misc 2d 327.)
The duty to defend is separate and distinct from the issue of Newark’s liability under the policy for any judgment — the latter being a question which is not before this court. If the complaint alleges any facts which, if proved, would establish the liability of the carrier under the coverage of the policy, the insurer must be compelled to defend its insured. (Prashker v. United States Guar. Co., 1 N Y 2d 584; Doyle v. Allstate Ins. Co., 1 N Y 2d 439; Exchange Mut. Ins. Co. v. Blazey, 19 A D 2d 682.) The court, in Empire Mut. Ins. Co. v. Bogart (13 Misc 2d 1094, 1096) writing with reference to the duty to pay claims *950 covered by a policy for which the insured might be liable, and the duty to defend a suit wherein a claim is alleged within the coverage of the policy, stated:
“ Following the holding in Goldberg v. Lumber Mut. Cas. Ins. Co. (297 N. Y. 148) our courts have uniformly observed that the latter duty is broader than the former. ‘ If the complaint in the negligence action shows a claim within the coverage of the policy, the insurer must defend on behalf of the insured. ’ (Boneparth, J., in Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, 254.) * * *
‘ ‘ It might well be that the plaintiff in that case could never prove these specifications of negligence which the insurance carrier had reason to believe were not founded in fact. However, it is not the probability of recovery on the claim asserted, but its possibility no matter how remote that matters.”
In Prashker v. United States Guar. Co. (supra, pp. 592-593), the court, in directing the insurance company to defend its assured, stated:
“ The circumstances that some grounds are alleged in the complaint in the negligence actions which would involve the insurance company in liability, is enough to call upon it to defend these actions (Doyle v. Allstate Ins. Co., 1 N Y 2d 439). The defense of the negligence actions cannot await their outcome: it must be undertaken now.
“ The rule that an insurance company has the burden of proving such facts as will come within exclusionary clauses in an insurance policy (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490) does not require, however, that liability of the insurance company to pay whatever recoveries may be obtained, shall be adjudicated before the event discloses and establishes on what basis such recoveries are obtained. If, after trial of the negligence actions, the grounds of recovery against the assureds are uncertain, so that it cannot be determined whether the assureds have been held liable to the Weiss-man estate on grounds which are wholly or partially within or without the exclusionary clauses, it may well be that the insurance company will be held to have failed to have sustained the burden of proving that the loss comes within the exclusion.
45- St* Si?
“ Provided that the insurance carrier is obligated immediately to pay or provide for the defense of the pending negligence actions and to reimburse the assureds for what the defense has cost them to date, their rights to be indemnified against any further loss can be protected adequately by action against the *951 carrier based upon the nature of the liability, if any, which is actually established against them in the negligence actions.”
With respect to the issue of whether the alleged acts of plaintiff’s agents and employees were accidental, the court concurs with the position of plaintiff, Davis. The courts have not equated negligent conduct with intentional conduct when considering whether such conduct was accidental. The fact that plaintiff’s employees were intentionally drilling does not mean they intended to cut the cables. (Wolk v. Royal Ind. Co., 27 Misc 2d 478; City of Fulton v. Great Amer. Ind. Co., 11 Misc 2d 536, affd. 7 A D 2d 832; Messersmith v. American Fid. Co., 232 N. Y. 161; Rex Roofing Co. v. Lumber Mut. Cas. Ins. Co., 280 App. Div. 665.) Only when the result as distinguished from the act is intended, may it be said that the consequences of an act were not accidental. This concept was brought into focus by Judge Cardozo in Messersmith (supra, p. 165.) wherein he wrote:
‘ ‘ The defendant does not greatly dispute that there may be indemnity against the consequences of negligence. It argues, however, that in this case the plaintiff’s liability was the product, not of negligence, but of willfulness. Undoubtedly, the policy is to be confined to liability for .injuries that may be described as accidental. Even if its terms did not so limit it, the fundamental principle that no one shall be permitted to take advantage of his own wrong would import the limitation. But the extension of the policy to this case is no departure from its restriction to injuries that are the product of accident or negligence. The plaintiff in intrusting his car to a youth under eighteen did not desire or intend that there should be an injury to travelers. The act of so intrusting it was willful, but not the ensuing conduct of the custodian, through which injury resulted. Indeed, the violation of the statute would have been the same though the driver’s age had been unknown. What was willful was not actionable except as it became so in the sequel through what was unintended or fortuitous.
“ Injuries are accidental or the opposite for the purpose of indemnity according to the quality of the results rather than the quality of the causes. The field of exclusion would be indefinitely expanded if the defendant’s argument were pursued to the limit of its logic. Every act, if we exclude, as we must, gestures or movements that are automatic or instinctive, is willful when viewed in isolation and irrespective of its consequences.”
*952 For the foregoing reasons, it is the conclusion of this court that Newark has a duty to provide a defense for Davis in the action for damages instituted against Davis by Northeastern. It is unnecessary, therefore, to decide the issues of waiver and estoppel raised by plaintiff. Partial summary judgment is granted in accordance with this decision.