■ GREATER NEW YORK MUTUAL INSURANCE COMPANY, Appellant, v PROFESSIONAL SECURITY BUREAU, LTD., et al., Respondents, et al., Defendant. —In an action, *inter alia,* to declare that the plaintiff insurer is not obligated to defend its insured, defendant Professional Security Bureau, Ltd., in any action which may be commenced against it by virtue of fire damage to certain property which the said defendant was guarding, plaintiff appeals from (1) an order of the Supreme Court, Nassau County, dated July 18, 1977, which denied its motion to set aside the court's decision, made after a nonjury trial, and (2) the judgment of the same court, entered upon the said decision on August 1, 1977, which, *inter alia,* declared that it is required to defend its insured and indemnify it to the limit of its coverage for any judgments which may be recovered against it as a result of the incident in question. Appeal from the order dismissed. No appeal lies from an order denying a motion to set aside a decision. Judgment affirmed. One bill of costs is awarded jointly to respondents appearing separately and filing separate briefs. Respondent Professional Security Bureau, Ltd. (Professional) had entered into a general liability insurance contract with appellant Greater New York Mutual Insurance Company containing the following exclusion: "This insurance does not apply: * * * (i) to property damage to * * * (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control". In 1970

Professional entered into an oral agreement with respondent Aurora Products Corp. (Aurora) to provide security guard services for the protection of property in West Hempstead, New York, which Aurora leased from defendant Cherry Valley Associates, Inc. (Cherry Valley). The agreement did not provide for surveillance of a building in a corner of the property known as warehouse 6 until November 19, 1973, when coverage of the warehouse and the area around it were specifically requested. The guard covering the area around warehouse 6, respondent Steven Seidel, was not authorized to enter the building, did not have the keys to it and was subject to the orders of the director of security of Aurora. The business of the warehouse continued as usual. On November 29, 1973, at about 2:00 A.M., a fire started in warehouse 6 and the building itself, and the personal property of Aurora inside the building, were damaged. Cherry Valley brought a negligence action against Professional and Seidel; Greater New York Mutual quickly disclaimed liability and brought this action for a judgment declaring that it was not obligated to defend or indemnify Professional in any action arising from this subject matter on the basis of the exclusionary clause in the policy. Subsequently, Aurora brought an action against Professional. We hold that the exclusionary clause is inapplicable to respondent Professional for this loss. Possession or control of real property is indicated by an occupation exclusive of the control of anyone else (*Davis Supply Co. v Newark Ins. Co.*, 60 Misc 2d 946; *Klapper v Hanover Ins. Co.*, 39 Misc 2d 215; *Morris & Co. v Lumber Mut. Cas. Ins. Co. of N. Y.*, 163 Misc 715). Where the damaged property is an integral part of a large area or structure, is not susceptible of detachment from that structure, and the presence of the insured working does not interrupt the normal activity or business of the structure, courts have been loath to find the exclusive control or possession necessary to invoke the "care, custody or control" exclusion (*Rex Roofing Co. v Lumber Mut. Cas. Ins. Co. of N. Y.*, 280 App Div 665; *Davis Supply Co. v Newark Ins. Co.*, supra; *Klapper v Hanover Ins. Co.*, supra; *General Mut. Ins. Co. v Wright*, 7 Misc 2d 331; *Morris & Co. v Lumber Mut. Cas. Ins. Co. of N. Y.*, supra). In the case at bar, the damaged property is a warehouse which was part of a larger area which respondent Professional was hired to guard, it is not susceptible of detachment from that area, and the presence of Professional's guard did not interrupt the regular activity of the warehouse. Moreover, Seidel literally did not have exclusive control of the area since he was not authorized to enter the building, did not have the keys to it and was subject to the orders of the director of security of Aurora. These circumstances make it clear that respondent Professional did not have the requisite exclusive control over the property to invoke the exclusionary clause. Latham, J. P., Cohalan, Margett and O'Connor, JJ., concur.