450 So.2d 1260 (1984)
William HANSON and Isabelle Hanson, Appellants,
v.
GENERAL ACCIDENT FIRE & LIFE INSURANCE CORPORATION, LTD., Etc., et al., Appellees.
No. 83-1400.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
Martin J. Sperry of Krathen & Sperry, P.A., Fort Lauderdale, for appellants.
*1261 John Edward Herndon, Jr., of Thornton & Herndon, Miami, for appellee General Acc.
ANSTEAD, Chief Judge.
This is an appeal from a final summary judgment holding that appellant, William Hanson, was not covered under the liability provisions of his homeowner's policy with appellee, General Accident Fire & Life Insurance Corporation, with reference to an incident that occurred away from Hanson's home premises. We reverse.
James Fritz was injured while he and William Hanson were removing a CB antenna owned by Hanson from the roof adjacent to a store rented by Hanson in a small shopping center in Broward County. Hanson had ceased doing business at this location although he had not yet completely removed all of his business property from the premises. At the time of the accident Hanson and Fritz were standing in a parking lot behind the store. The antenna was attached to the roof of the building near the store. After Hanson and Fritz removed the antenna, and while Hanson was trying to lower it to the ground, it hit power lines and Fritz was injured by the electrical shock that resulted. Hanson did not rent the roof or parking areas. Rather, they were owned and maintained by the shopping center owner who testified that Hanson had no control over these areas. It is also uncontroverted that the antenna had never been used in Hanson's business and that Hanson was removing the antenna for personal reasons to return it to his home. The antenna had originally been installed to facilitate personal communications between Hanson and his wife, but even that use had been abandoned long before the incident in question.
In the trial court General Accident relied upon two exclusions in its Homeowners Policy with Hanson to deny him coverage for his alleged liability to Fritz for negligently handling the antenna. The policy excluded coverage "to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to nonbusiness pursuits" and "to bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by any insured... ." On appeal, General Accident agrees that the trial court based its decision on the second exclusion and General Accident relies solely on that exclusion to sustain the trial court's ruling.[1] In short, General Accident claims that the accident arose out of premises controlled by Hanson.
This court has repeatedly held that use of the phrase "arising out of" indicates an intention to narrow the scope of an exclusion to incidents that have a causal relationship to the premises, as opposed to incidents that merely occur on such premises. General Accident Fire & Life Assurance Corp. v. Appleton, 355 So.2d 1261 (Fla. 4th DCA), cert. denied, 361 So.2d 830 (Fla. 1978). Also see St. Paul Fire & Marine Insurance Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973). Other exclusionary language has been given a broader meaning. For instance, it was noted in Jackson v. Lajaunie, 270 So.2d 859 (La. 1972), that a clause excluding accidents that happen "in connection with" owned, but uninsured, premises excludes more broadly than a clause excluding accidents that "arise out of" such premises. The Jackson court denied coverage under a homeowner's policy for a shooting that occurred at the insured's business.
In Lititz Mutual Insurance Co. v. Branch, 561 S.W.2d 371 (Mo. App. 1978), the court held that a dog bite injury by the insured's personal dog and occurring on the insured's business premises did not *1262 "arise out of" such premises. The court reasoned that in order to "arise out of" such premises the specific tortious conduct must "originate from, grow out of, or flow from" such premises. Id. at 373. "That [the bite] occurs upon the premises does not establish a causal connection between the bite and the premises." Id. at 373.
Under the Lititz reasoning, with which we agree, and our previous decisions construing the phrase "arising out of," even assuming that the premises where the incident occurred were controlled by Hanson, we do not believe the evidence will support a finding that the accident herein arose out of those premises. Because the insurance excludes accidents "arising out of" rather than "occurring on" other premises, the insurance should not be read to blanketly exclude such accidents. The homeowner's insurance provides broad general coverage for conditions of the specifically insured premises and for the personal conduct of the insured wherever he may be located. The exclusion for damages arising out of other premises owned, rented or controlled by the insured logically protects the insurer from liability for unsafe conditions in those specified premises in which the insured has an interest but for which he has not secured coverage under the homeowner's policy. The accidental touching of the antenna to the uninsulated wire was totally unrelated to the condition of the premises. Indeed, if Hanson is to be held liable at all it would be because of his alleged personal negligence in handling the antenna after it was detached from the roof. Thus, in our view, coverage cannot be denied under this exclusion.[2]
Accordingly, having determined that the trial court erred in concluding that no coverage was available, we reverse and remand this cause with directions that further proceedings be conducted in accord herewith.
DOWNEY and DELL, JJ., concur.
NOTES
[1] The first clause excludes coverage to injury "arising out of business pursuits." It is apparent in this case that, even if the CB antenna may have been located at Hanson's business, its use and removal were irrelevant to his business. Thus, coverage cannot be denied under this clause. See Michigan Mutual Liability Co. v. Ferguson, 15 Mich. App. 298, 166 N.W.2d 525 (1968); Crane v. State Farm Fire and Casualty Co., 5 Cal.3d 112, 95 Cal. Rptr. 513, 485 P.2d 1129 (1971); and State Farm Fire & Casualty Co. v. Moore, 103 Ill. App.3d 250, 58 Ill.Dec. 609, 430 N.E.2d 641 (1981). Also see generally Annot., 48 A.L.R.3d 1096 (1973).
[2] Of course, Hanson also claims that the accident did not occur on property "owned, rented, or controlled" by him. Again, the intent of such an exclusion must at least be to exclude properties that the insured himself has an interest in and could separately insure. See St. Paul Fire & Marine Insurance Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973). Thus, if Hanson could separately insure himself against injuries occurring on this property, perhaps the exclusion would be valid. Of course, if Hanson owned or rented this property, he could clearly insure it. It is not clear, however, whether an insurance company would write a policy for Hanson to insure the common areas of the parking lot and roof where the injury occurred. While no case law has developed regarding the meaning of "control" in this exclusion, cases have defined this term in relation to exclusions of property damage to property in the control of the insured. In Klapper v. Hanover Insurance Co., 39 Misc.2d 215, 240 N.Y.S.2d 284 (N.Y. Sup. Ct. 1963), the court held that a window washer did not have control over the window that he was washing. Control remained in the building owner. Control "is indicated by an occupation exclusive of the control of anyone else." Id. 240 N.Y.S.2d at 286. In general, the courts have held that an insured with only limited access to property does not control the property. Bigelow-Liptak Corp. v. Continental Insurance Co., 417 F. Supp. 1276 (E.D. Mich. 1976); Leiter Electric Co. v. Bituminous Casualty Corp., 99 Ill. App.2d 386, 241 N.E.2d 325 (1968); Gibson v. Glens Falls Insurance Co., 241 S.C. 293, 128 S.E.2d 157 (S.C. 1962). Thus, because Hanson only had limited access to the roof, and clearly did not "own, rent or control" the parking lot where the accident happened, these cases also indicate that the exclusion would not apply. Because we have concluded that the exclusion would not apply even if the premises were "controlled" by the insured we need not decide this issue.