545 So.2d 1310 (1989)
Jeffrey Alan KITCHENS, et al.
v.
Gerald J. BROWN.
No. 88 CA 0672.
Court of Appeal of Louisiana, First Circuit.
June 20, 1989.
William C. Rowe, Baton Rouge, for plaintiff/appellant Jeffery Kitchens & Peggy Freshwater Kitchens.
*1311 Donna Garbarino Schwab, Baton Rouge, for defendant/appellee, Liberty Mut. Ins.
Johnny C. Moore, Baton Rouge, for defendant/appellee Gerald J. Brown.
James E. Moore, Baton Rouge, for third party defendant/appellee Foremost Ins. Co.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
This is an appeal of a summary judgment granted to Foremost Insurance Company (Foremost) based upon an exclusion in its policy of insurance issued to Gerald J. Brown (defendant).
Suit was brought by Jeffrey Alan Kitchens and Peggy Freshwater, Kitchens' mother (plaintiffs), to recover damages resulting from injuries Kitchens incurred while in defendant's employ. Kitchens was an employee of defendant's printing company but was working at defendant's personal residence clearing brush when the incident occurred. Plaintiffs allege that it was defendant's negligence in instructing Kitchens to use gasoline to ignite a pile of brush that caused the burns he sustained when the gasoline exploded.
Foremost was sued pursuant to a policy issued to defendant for a mobile home he owned in the city of Baton Rouge.[1] Foremost argued the following exclusion applies to these circumstances:
PERSONAL LIABILITY COVERAGE AND ["MEDICAL PAYMENTS TO OTHERS"] COVERAGE DOESN'T PAY FOR BODILY INJURY OR PROPERTY DAMAGE ... Arising out of any premises owned or rented to YOU unless it is shown on Page One or a premium charge has been made; ...
Plaintiffs assert that this exclusion operates only on liability based on defects in unlisted premises, and is without effect as to liability based on the insured's (defendant's) negligence, which is covered under the policy pursuant to the following:
WE'LL pay under Personal Liability Coverage for damages YOU become legally obligated to pay when the damages occur on YOUR mobile home premises or result from YOUR personal actions.
LAW APPLICABLE TO THE CONSTRUCTION OF THE CONTRACT
An insurance policy is a contract and, like any other, is governed by those articles of the Civil Code governing the interpretation of contracts. See LSA-C.C. art. 2045 through 2057; Coates v. Northlake Oil Co., 499 So.2d 252, 255 (La.App. 1st Cir.), writ denied, 503 So.2d 476 (1987). The object of construction of a contract is the ascertainment of the intent of the parties thereto. LSA-C.C. art. 2045. Provisions of a contract must be interpreted in pari materia and consistent with its meaning as a whole. LSA-C.C. art. 2050. All ambiguity is to be construed in favor of the insured. Borden, Inc. v. Howard Trucking Co., 454 So.2d 1081 (La.1983) (on rehearing ). With respect to an exclusionary clause the contract must be interpreted liberally in favor of coverage. Borden, 454 So.2d at 1089. The terms of an exclusion must be clear and unmistakable. Roger v. Estate of Moulton, 513 So.2d 1126 (La. 1987).
The phrase at issue here is "arising out of any premises." We have not been cited to nor can we find a previous interpretation of this language by a court of this state.[2]
We observe, initially, that the meaning of the following language is not readily ascertainable:
PERSONAL LIABILITY COVERAGE... DOESN'T PAY FOR BODILY INJURY *1312 OR PROPERTY DAMAGE ... Arising out of any premises owned or rented to YOU...."
With the principles of interpretation discussed hereinabove, however, we believe that the only manner of bodily injury or property damage that can arise out of premises is that which results from a defect in said premises. Premises are inanimate and do not commit delicts under LSA-C.C. art. 2315. Premises can, however, be defective, which condition can form the basis of delictual liability under either LSA-C.C. art. 2317 or 2322, or both.
Plaintiffs assert their cause of action under LSA-C.C. art. 2315. There is no evidence in this record that the cause of action would succeed under any theory but LSA-C.C. art. 2315. There is no assertion that the pile of brush was defective, or that the can of gasoline Kitchens used to ignite the pile of brush was defective. Plaintiffs assert, simply, that defendant was negligent. Coverage under the language of this policy for that negligence is irrespective of the site of the occurrence. For these reasons, we find that the trial court erred as a matter of law in granting the summary judgment, and reverse. We remand the suit for further proceedings consistent herewith. Costs of this appeal are taxed to Foremost.
REVERSED AND RENDERED.
NOTES
[1] Defendant's residence, under construction at the time of the incident, was located in Prairieville.
[2] Plaintiff cites Hanson v. General Accident Fire & Life Insurance, 450 So.2d 1260 (Fla.Dist.Ct. App.1984), wherein "arising out of premises was interpreted to exclude "incidents that have a causal relationship to the premises, as opposed to incidents that merely occur on such premises." 450 So.2d at 1261. In Hanson, as at bar, the insurance contract provided broad general liability coverage to the owner of the insured premises. The court concluded that the "arising out of exclusion did not affect the general liability coverage.