572 So.2d 158 (1990)
Eugene SARP, Individually, and in his Capacity as Curator of Anthony Sarp and Carol Sarp, Individually
v.
UNITED STATES FIDELITY & GUARANTY COMPANY, et al.
No. 89 CA 1322.
Court of Appeal of Louisiana, First Circuit.
November 14, 1990.
Writ Denied January 31, 1991.
*159 Edward Downing, III, Metairie, for plaintiffs-appellants.
Michael Paduda, Jr., Bogalusa, John Hulse, IV and Al M. Thompson, Jr., James Irwin, New Orleans, for defendants-appellees Clinton Juneau & Lanier Juneau.
James Wileford, Pamela West and C. Barry Ogden, New Orleans, for intervenor-appellee Kirt Brouillette.
Joel A. Levy, Marrero, for defendant-appellee Jennifer Juneau.
Charles M. Hughes, Bogalusa, La.
Adrianne Baumgartner, Covington, Kathryn Wiedorn, Alice Meder, Metairie, for defendant-appellee State Farm.
Clarence Dupuy & Gregory Dupuy, New Orleans, and Burt Carnahan, Alice Meder and Sidney Angelle, for defendant-appellee Tod Cox.
Michael Paduda, Jr., for defendant-appellee USF & G.
Allen Black, Slidell, for defendant-appellee Gloria Hartenstein.
Before LOTTINGER, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
This suit was brought as the result of an automobile accident in which Anthony Sarp (plaintiff), a guest passenger, was injured. Eugene D. Sarp brings the suit as plaintiff's curator and on his own behalf; Carol Sarp brings suit individually.
The petition alleges that an automobile driven by Todd M. Cox failed to yield or stop, and that the automobile driven by Clinton Juneau, in which plaintiff was riding, struck the Cox vehicle due to, inter alia, Juneau's intoxication. The petition also asserts negligent conduct on the part of Lanier Juneau, Clinton Juneau's father, for serving alcohol to his minor son prior to the accident. Made defendants are Cox and his insurer State Farm Mutual Automobile Insurance Company; Clinton Juneau, Lanier Juneau and their insurer United States Fidelity and Guaranty Company, as well as Southern Farm Bureau Casualty Insurance Company (Southern Farm), a liability insurer, pursuant to a homeowner's policy issued to Lanier Juneau; and Allstate Insurance Company, the Sarps' uninsured/underinsured motorist carrier.
The only matter now before us is plaintiff's appeal from a summary judgment granted to Southern Farm, apparently[1] on the basis of a policy exclusion.
The residence covered by the Southern Farm policy is rural, located in Pearl River County, Mississippi, approximately 14 miles northwest of Picayune, in Section 19, Township 4 South, Range 17 West. Personal liability coverage is provided as follows:
If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:
a. pay up to our limit of liability for the damages for which the insured is legally liable; and
b. provide a defense at our expense....
Excluded from this coverage, however, are damages arising out of "any premises owned or rented to any insured which is not an insured location " or arising out *160 "of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by, or rented or loaned to any insured." Clinton Juneau's liability, including plaintiff's claim for exemplary damages, is clearly excluded by the latter quoted language, but the issue of Lanier Juneau's liability for serving the alcohol that is alleged to be causally connected to this accident, remains.[2]
In Frazier v. State Farm Mutual Automobile Insurance Company, 347 So.2d 1275 (La.App. 1st Cir.) writ denied, 351 So.2d 165 (La.1977), this court held that an "ownership, maintenance, use" exclusion similar to that at bar did not apply to negligence independent of the use of the automobile, even where the petition alleged the negligence to have resulted in an injury by an automobile. In Picou v. Ferrara, 412 So.2d 1297 (La.1982), the supreme court distinguished the independent negligence theory, where the use of the automobile may be an essential fact of the accident but is not an essential component of the theory of liability, from allegations of negligent entrustment of an automobile. Picou, 412 So.2d at 1299-1300.
The petition here alleges Lanier Juneau's negligence in the serving of alcohol and in permitting consumption of alcohol by minors in his home. This theory of negligence rests upon a statutory duty not to purchase alcohol for minors, LSA-R.S. 14:91.3, and a civil duty, that can be inferred from this statute, to prohibit minors from consuming alcohol. See Chausse v. Southland Corporation, 400 So.2d 1199, 1203 (La.App. 1st Cir.), writs denied, 404 So.2d 278, 404 So.2d 497, 404 So.2d 498 (La.1981) (wherein we recognized in this statute "a legislative intent to keep alcoholic beverages out of the hands of minors, based on the obvious determination that minors cannot safely handle alcohol"). This duty encompasses risks beyond that of an automobile accident. We can foresee various means other than use of an automobile by which negligent conduct due to intoxication could have resulted in injury. The use of the automobile in this case, though an essential fact of this accident, was not an essential element of the theory of liability.
The alleged negligence of Lanier Juneau occurred at his residence in Slidell, Louisiana, not at the insured premises. Excluded from coverage are damages "arising out of" uninsured premises. We have previously held that, even though the meaning of this language is not readily ascertainable, negligent conduct under LSA-C.C. art. 2315 results in the type of liability that cannot be defeated by an "out of premises" exclusion. Kitchens v. Brown, 545 So.2d 1310, 1312 (La.App. 1st Cir.1987) ("we believe that the only manner of bodily injury or property damage that can arise out of premises is that which results from a defect in said premises").[3] As in Kitchens, the policy language at bar covers negligent conduct irrespective of the site of the occurrence. The serving or permitting consumption of alcohol cannot be excluded from coverage by operation of the "arising out of premises" language.
The summary judgment, insofar as it dismissed the claims of negligence in serving to or permitting the consumption of alcohol by Clinton Juneau was error.[4]
For reasons expressed herein, the judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent herewith. Costs are assessed to Southern Farm.
REVERSED AND REMANDED.
NOTES
[1] Written reasons for judgment were not issued; if reasons were stated orally, they were not made a part of the record on appeal.
[2] We reject plaintiff's contention that Lanier Juneau's vicarious liability for his son's negligent use of the automobile is not encompassed within the "ownership, maintenance, use ... of... a motor vehicle" exclusion. See Picou v. Ferrara, 412 So.2d 1297 (La.1982).
[3] Southern Farm appears to concede in its brief on appeal that Kitchens is dispositive of this issue.
[4] The dismissal as to the claims of vicarious liability and of allowing Clinton Juneau to drive the car was proper.