■ ROBERT J. SCHROEDER et al., Plaintiffs, v GLENN L. HUBBELL, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant and Third-Party Plaintiff. DRYDEN MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [674 NYS2d 853] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Relihan, Jr., J.), entered September 10, 1997 in Tompkins County, which granted third-party defendant Dryden Mutual Insurance Company's motion for summary judgment dismissing the third-party complaint against it.

At issue is whether a general business liability insurance policy issued by third-party defendant Dryden Mutual Insurance Company provides coverage for its insured, defendant Glenn L. Hubbell, in connection with a fire that destroyed the latter's barn. When the fire occurred, Hubbell had leased a portion of the barn to plaintiff Robert J. Schroeder for the storage of some of Schroeder's personal belongings. The area in question, comprising approximately 800 square feet, was surrounded by an eight-foot-tall chicken-wire fence, secured by a padlock to which only Schroeder had a key. The remainder of the barn (roughly 90% of the total space) was used by Hubbell to store and sell his own "antiques and collectibles".

After the fire destroyed the structure and most of its contents, Schroeder and his wife commenced this action charging defendants (Hubbell and his wife) with negligence and breach of the "Truth in Storage Act" (General Business Law § 607), and seeking damages for, *inter alia*, the loss of their property. When Dryden thereafter disclaimed coverage pursuant to an exclusion in Hubbell's policy for damage to property in the "care, custody or control" of the insured, defendants brought a third-party action against Dryden (and its insurance agents), alleging that Dryden had improperly refused to defend or indemnify them with respect to the underlying lawsuit. Dryden's motion for summary judgment dismissing the third-party complaint against it was granted, prompting this appeal by defendants.

Whether this exclusion applies depends upon "the insured's rights and acts concerning the specific damaged property [i.e., plaintiffs' stored belongings] out of which the claim of liability arises" (*County of Broome v Travelers Indem. Co.*, 88 AD2d 720, *affd* 58 NY2d 753; *see, Dubay v Trans-America Ins. Co.*, 75 AD2d 312, 319, *lv denied* 51 NY2d 709). In this regard, it is relevant that Hubbell had no key to access the storage area, and was not authorized to move or otherwise exercise physical dominion over the property contained therein, or to control the placement or removal of items by Schroeder or anyone to whom he might give a key. There is no evidence that Hubbell had represented that he would guard or protect the property from hazards, or that he had undertaken to do so.

Mere control over a general area, without any ability to access the particular portion thereof in which another's personal property is stored, has been found to be insufficient to confer the kind of possession or control necessary to invoke the exclusionary clause. Instructive in this regard is *Empire Assocs. v North Riv. Ins. Co.* (224 AD2d 270, *lv denied* 88 NY2d 812), where the Court found that a vault owner who "merely controlled access into and provided independent security guard services for the vault room where the [safe-deposit] boxes were located", but could not open the boxes themselves, could not be viewed as exerting "care, custody or control" over the valuables stored therein so as to bring them within the scope of a similar insurance policy exclusion (*see, Greater N. Y. Mut. Ins. Co. v Professional Sec. Bur.,* 61 AD2d 975, 976; *cf., Cornelius v Berinstein*, 183 Misc 685). Consequently, Dryden's motion must be denied.

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and motion denied.