Charlotte TACKER, Executor of
the Estate of Philip W.
Tacker, Appellee,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,
Appellant.

No. 93-1568.

Supreme Court of Iowa.

April 26, 1995.

James L. Kramer and Thomas J. Bice of Johnson, Erb, Gibb, Bice & Carlson, P.C., Fort Dodge, for appellant.

Peter J. Leehey and Janece M. Winterhof of Trevino & Leehey, Fort Dodge, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

NEUMAN, Justice.

This appeal concerns a dispute over coverage available under a homeowner's policy issued by defendant American Family Insurance Company. The claimant, plaintiff Charlotte Tacker, sought and obtained a declaratory judgment that her claim of negligence against the defendant's insured, Kevin Duffy, would—if proven—come within the policy's coverage for personal liability. On appeal, American Family contends that the premises out of which the incident arose was not an "insured premises" under the policy, thereby excluding coverage. Because we believe the district court properly refused to apply the exclusion, we affirm.

I.  *Background Facts and Proceedings.*

Kevin Duffy owned a home at 630 Second Street, N.W., in Fort Dodge, Iowa. In November 1978, he remodeled the home's family room. The remodeling project included the wiring and installation of a new electrical outlet.

Charlotte Tacker, and her husband Philip, purchased the home from Duffy in July 1984. On June 17, 1990, Philip was electrocuted while using a "wet vac" in the family room. Charlotte brought suit, claiming Philip's death resulted from negligent electrical work performed by Duffy when he remodeled the room twelve years before.

When the accident occurred, Duffy was insured by American Family under a homeowner's policy covering the period July 13, 1989, to July 13, 1990. The residence insured under the policy was his new home at 1315 North Nineteenth Street, Fort Dodge. The policy provided personal liability coverage for bodily injury occurring during the policy period, but excluded from coverage any bodily injury or property damage "arising out of the ownership or rental to any insured of any premises other than an insured premise."

Charlotte brought this declaratory judgment action to determine the scope of the policy's coverage. American Family moved for summary judgment on two grounds: first, that Duffy's negligence, if any, did not occur within the policy period and, second, that decedent's fatal injuries were sustained at a location other than an "insured premises," thereby precluding coverage. Tacker responded with her own motion for summary judgment. Because Duffy's is an occurrence-

based policy, she argued, the pertinent inquiry for coverage purposes is when the injury occurred, not when the negligent act was committed. Second, noting that her claim rests not on premises liability but negligence, she argued that the injury's occurrence away from the insured premises has no bearing on the coverage question. The district court resolved the controversy in Tacker's favor and this appeal by American Family followed.

## II. *Scope of Review.*

▮ Our task on appeal is to determine whether any material facts exist that would prevent summary judgment, and then to decide whether the plaintiff is entitled to prevail as a matter of law. *Hoefer v. Wisconsin Educ. Ass'n Ins. Trust,* 470 N.W.2d 336, 339 (Iowa 1991); Iowa R.Civ.P. 237(c). Construction and interpretation of insurance policies present questions of law for the court unless the decision depends on extrinsic evidence offered to explain a term's meaning. *A.Y. McDonald Indus. v. INA,* 475 N.W.2d 607, 618 (Iowa 1991). Neither party introduced such evidence here. Thus our review is limited to the correction of errors at law. *Grinnell Mut. Reinsurance Co. v. Voeltz,* 431 N.W.2d 783, 785 (Iowa 1988).[1]

## III. *Issue on Appeal.*

▮ The question is whether the district court correctly construed the American Family policy. But the controversy really centers on the nature of Tacker's allegation against Duffy.

American Family argued in the district court, and insists on appeal, that Tacker's claim stems from a latent defect in her home's electrical wiring. That being so, it argues, the injury is necessarily inseparable from its location, a fact that brings the incident squarely within the exclusion for injuries "arising out of the ownership ... [of] other than an insured premises." Tacker, on the other hand, insists that Duffy's liability

results from his personal tortious conduct. Her petition cites eight specific allegations of negligence ranging from "failing to properly wire the electrical outlets" to "failure to warn ... [of a] potentially dangerous condition." Denying that her claim rests on premises liability, she seeks recovery based on the policy's promise to pay "compensatory damages for which any insured is legally liable because of ... injury ... caused by an occurrence covered by [the] policy."

▮ The district court correctly determined, and American Family does not now contest, that Duffy's insurance contract is an occurrence, not claims made, policy. Occurrence policies provide coverage if the incident insured against occurs during the policy period. *First Newton Nat'l Bank v. General Casualty Co.,* 426 N.W.2d 618, 623 (Iowa 1988). The time of "occurrence" is when the claimant sustains damages, not when the act or omission causing the damage takes place. *Id.* It is undisputed that the fatality in question occurred during the time American Family insured Duffy. So its homeowner's policy would provide coverage for the incident unless excluded by another policy provision.

The district court focused on the term "ownership" in the "other premises" exclusion to conclude that, because Duffy had no ownership interest in the Tacker home at the time of the accident, the exclusion could not apply. The court reasoned that it would be inconsistent for the insurer to use the time of injury to define coverage, and the time of the alleged negligent act to define the exclusion. American Family attacks this reasoning primarily on public policy grounds. Citing a line of cases originating in California, it asserts that holding homeowners liable indefinitely for latent defects in previously-owned residences is a result neither intended nor expected by either insurers or insureds. It argues the "other premises" exclusion is designed specifically to avoid such unintended coverage. *See, e.g., Preston v. Goldman,* 42 Cal.3d 108, 227 Cal.Rptr. 817, 825, 720 P.2d

---

1. American Family contends for the first time on appeal that a material fact question exists concerning Duffy's negligence. The point is not well taken. The district court's ruling assumed, for the purposes of ruling on the coverage question,

that Duffy's negligence (at issue in a separate proceeding) could be established. Failing that proof, Tacker concedes no coverage would be available under the policy irrespective of the court's construction.

476, 484 (1986); *accord State Farm Fire & Casualty Co. v. Thomas,* 756 F.Supp. 440, 445 (N.D.Cal.1991); *Devin v. United Serv. Auto. Ass'n,* 6 Cal.App.4th 1149, 1159, 8 Cal. Rptr.2d 263, 270 (1992).

If Tacker's claim rested on premises liability, we might find American Family's argument persuasive. It is reasonable for an insurer to limit its liability relative to conditions on uninsured land over which its insured has no control. *Lititz Mut. Ins. Co. v. Branch,* 561 S.W.2d 371, 374 (Mo.App.1978). But the general liability provisions of a homeowner's policy provide insurance against two distinct perils: (1) liability resulting from the condition of the insured premises, and (2) liability stemming from the insured's tortious personal conduct which may occur at any place on or off the insured premises. *Id.* It is the latter peril, not the former, that concerns us here.

The fact is that Tacker's claim against Duffy has nothing to do with his former ownership of her home. Her recovery, if any, will turn on proof that he personally performed electrical work that proximately caused the injuries she now claims. It is this lack of causal relationship between Duffy's ownership and his negligence, and not the temporal inconsistencies cited by the district court, that prevents the "other premises" exclusion from having application to the facts before us. *See Newhouse v. Laidig, Inc.,* 145 Wis.2d 236, 239–240, 426 N.W.2d 88, 90 (1988); *Hanson v. General Accident Fire & Life Ins. Corp.,* 450 So.2d 1260, 1262 (Fla. Dist.Ct.App.); *Lititz,* 561 S.W.2d at 373.

Our analysis is consistent, we believe, with the general principles guiding construction of exclusionary clauses. When used in the context of a coverage clause, words like "arising out of" must be given a broad, comprehensive meaning. *Grinnell Mut. Reinsurance Co. v. Employers Mut. Casualty Co.,* 494 N.W.2d 690, 693 (Iowa 1993). Exclusionary clauses, however, call for a narrow or restrictive construction. *Id.* Where, as in *Grinnell,* a claim may be said to derive from two independent causes (*e.g.,* negligent operation of a motor vehicle and negligent supervision of school children), a policy's exclusion for injuries "arising out of" motor vehicle accidents must be read narrowly to exclude coverage for only those injuries proximately caused by the motor vehicle, not lax supervision. *Id.* at 694; *see also Kalell v. Mutual Fire & Auto Ins. Co.,* 471 N.W.2d 865, 868 (Iowa 1991) (when two independent acts of negligence alleged, one vehicular and one nonvehicular, coverage still available under homeowner's policy unless vehicle-related negligence is sole proximate cause of injury). So also here, the fact that Duffy no longer owned the premises where the accident occurred may prevent recovery dependent on injury "arising out of the ownership" of the land, but it will not exclude coverage for negligent conduct that is irrelevant to the issue of ownership.

As wisely noted by the district court, the lapse of time between Duffy's alleged negligence and the resulting injury to Tacker's decedent gives the illusion of a retroactive application of the policy. Such impression furnishes no basis, however, for American Family to ascribe any unfairness to the enforcement of its coverage promises. Because the policy is occurrence-based, the date of the occurrence—not the negligent act—defines the insurer's obligation. Had American Family wanted to geographically limit the coverage provided for tortious personal conduct, it could have easily done so. Instead of excluding coverage for bodily injury "arising out of the ownership ... [of] other than an insured premise," it could have excluded coverage for injury "occurring on" other than an insured premises. *See Hanson,* 450 So.2d at 1261 (making distinction between injuries "arising out of" premises and those merely occurring thereon). It apparently chose not to do so.

In summary, we believe the district court correctly refused to apply the "other premises" exclusion clause to deny coverage to Tacker under the unique facts of this case. Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**