James S. **BERTAGNOLLI**,
Plaintiff–Appellant,

v.

**ASSOCIATION OF TRIAL LAWYERS ASSURANCE, a corporation,**
Defendant–Appellee.

No. 95CA1751.

Colorado Court of Appeals,
Div. V.

Feb. 20, 1997.

Elvin L. Gentry, P.C., Elvin L. Gentry, Marla Prudek, Colorado Springs, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Jeffrey L. Bodily; Baker & McKenzie, Ronald L. Ohren, Michael A. Pollard, Chicago, IL, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiff, James S. Bertagnolli, appeals from a summary judgment entered by the trial court in favor of defendant, the Association of Trial Lawyers Assurance Corporation (insurer). He contends primarily that the trial court erred in determining that his professional liability indemnity policy did not provide coverage for claims derived from two unrelated sexual assaults.

Plaintiff was charged with first degree sexual assault, second degree sexual assault, and misdemeanor sexual assault based on allegations made by two former clients. He pled no contest to two counts of misdemeanor sexual assault and was sentenced to two 18–month terms, to run consecutively.

The two clients then filed a joint civil suit against plaintiff, seeking relief for battery, outrageous conduct, breach of fiduciary duty, professional negligence, and false imprisonment. The husband of one client joined as a plaintiff, and sought relief for outrageous conduct, loss of consortium, breach of fiduciary duty, and professional negligence.

Plaintiff notified insurer of the civil claims that had been filed against him and requested coverage and defense pursuant to his "Lawyers Professional Liability Indemnity Policy." Insurer responded that, under the express terms of the policy, it had no duty to defend plaintiff and that, because the claims were premised on allegations of sexual assault, the policy did not provide coverage for indemnification either for the costs of defense or any judgments of liability.

The two clients' claims were tried separately. The jury in the first trial returned a verdict in plaintiff's favor. The jury in the second trial returned a verdict against plaintiff, and the trial court entered judgments for $260,660 in compensatory damages and $233,700 in exemplary damages for the client, and for $50,000 in compensatory damages and $50,000 in exemplary damages for her husband.

Plaintiff filed a declaratory judgment action against insurer, seeking to establish that insurer had breached its duty to defend and should be estopped from denying coverage,

and that the policy covered the costs of his defense and the judgments against him.

The trial court entered a summary judgment in favor of insurer, and this appeal followed.

## I.

Plaintiff first contends that the trial court erred in its determination that insurer had no duty to defend him, and contends, therefore, that insurer should be estopped from later asserting that the policy did not cover his claims. We disagree.

The policy contains a choice of law clause providing that the policy be construed in accordance with Illinois law.

■ Under Illinois law, an insurer may not refuse to defend an insured when a complaint potentially alleges coverage and when the policy includes a duty to defend. In such circumstances, the insurer must defend the suit under a reservation of rights or seek a declaratory judgment that there is no coverage. If the insurer fails to do this, and is subsequently found to have wrongfully denied coverage, it is estopped from later raising policy defenses to coverage. *Waste Management, Inc. v. International Surplus Lines Insurance Co.*, 144 Ill.2d 178, 161 Ill. Dec. 774, 579 N.E.2d 322 (1991).

However, if there is no duty to defend, this estoppel principle simply does not apply. *See Waste Management, Inc. v. International Surplus Lines Insurance Co., supra.*

■ The determination of the scope of an insurer's duty to defend requires an examination of its undertaking as set forth in the policy language. *Zurich Insurance Co. v. Raymark Industries, Inc.*, 118 Ill.2d 23, 112 Ill.Dec. 684, 514 N.E.2d 150 (1987).

■ Here, the insurance policy is a "broad form, claims-made indemnity policy." It provides:

The Company shall not have the right nor shall it be called upon to assume charge of the defense of any claim made or suit brought or proceeding instituted against an INSURED, but the INSUREDS shall act in good faith in defending against any

such claim, suit or proceeding, keeping the company fully informed as to the conduct of such defense. In addition, the Company shall have the right and be given the opportunity to approve in advance counsel selected by the INSUREDS to defend in any such claim, suit or proceeding and to require the INSUREDS to revoke such counsel's appointment.

By its plain terms, the policy does not impose on insurer a duty to defend; to the contrary, it specifically states that insurer has no such obligation. Thus, no duty to defend exists to trigger insured's estoppel claim. *Cf. Country Mutual Insurance Co. v. Anderson*, 257 Ill.App.3d 73, 195 Ill.Dec. 35, 628 N.E.2d 499 (1993) (duty to defend ends at payment of liability insurance limits where language of policy so provides).

## II.

Plaintiff next contends that the trial court erred in determining that his policy provided no coverage for the costs of defending against the claims or for the judgments entered against him. Again, we disagree.

### A.

First, the policy expressly excludes coverage for:

any claim the sole allegation of which is that of a willful violation of a criminal statute, ordinance or regulation.

■ Plaintiff contends that this exclusion does not apply here because the claims against him included claims for breach of fiduciary duty, professional negligence, and false imprisonment, for which, he contends, coverage is proper.

■ Plaintiff's argument notwithstanding, regardless how the claims against an insured are denominated, a court looks to the essence of the claim rather than how it is characterized in the pleadings. *See State Farm Fire & Casualty Co. v. Watters*, 268 Ill.App.3d 501, 510, 205 Ill.Dec. 936, 942, 644 N.E.2d 492, 498 (1994) (pleading negligent infliction of emotional distress did not bring the cause of action under policy coverage because it

was "a transparent attempt to trigger insurance coverage").

Here, sexual assault was alleged in the complaints in each and every claim for relief. And, as the trial court found in its well-reasoned findings of fact and conclusions of law, all of the theories of liability asserted rest squarely and solely upon plaintiff's illegal sexual assaults. *Cf. American Home Assurance Co. v. Stone,* 864 F.Supp. 767, 774 (N.D.Ill.1994), *aff'd,* 61 F.3d 1321 (7th Cir. 1995) ("[A]ll defendants' allegations against [plaintiff] clearly focus on the alleged sexual misconduct by [plaintiff]. Therefore, it is clear that all of the alleged causes of action arise out of these related courses of professional treatment.").

Moreover, it is of no consequence that other facts, not directly related to the sexual assaults, are required to establish one or more of the tort claims alleged by plaintiff; any other such facts necessarily are so intertwined with the sexual assaults as to be inseparable. As the trial court observed, "[plaintiff's] attempt to fragment the illegal sexual assault into a series of non-criminal acts ignores the reality of the situation—each was but one step in the culmination of the single criminal episode and as such is excluded from coverage." *See Houg v. State Farm Fire & Casualty Co.,* 481 N.W.2d 393, 397 (Minn.App.1992) (where negligence claim is based wholly on sexual exploitation, exclusion for "conduct of a sexual nature" included allegations of "negligent counseling").

### B.

■ Alternatively, the trial court also correctly determined that, because plaintiff's sexual assaults were not committed in his professional capacity, such acts were not covered by the policy.

Despite plaintiff's contentions to the contrary, not all claims made against an attorney by a client are covered by an professional liability indemnity policy. Rather, the terms of the policy determine coverage; even malpractice may not be covered if injuries arising from acts of an insured are excluded from coverage. *See, e.g., Medical Mutual*

*Liability Insurance v. Azzato,* 94 Md.App. 632, 618 A.2d 274 (1993).

Here, plaintiff's policy contains an exclusion from coverage for:

any claim for bodily injury to, or sickness, disease or death of any person, or injury [to] arising out of an ACT of any INSURED *unless it arises out of an ACT committed in his or her professional capacity as an Attorney.* (emphasis added)

Under Illinois law, the practice of law has been defined as:

[T]he giving of advice or rendition of any sort of service by any person, firm or corporation when the giving of advice or rendition of such service requires the use of any degree of legal knowledge or skill.

*People ex rel. Illinois State Bar Ass'n v. Schafer,* 404 Ill. 45, 51, 87 N.E.2d 773, 776 (1949).

It is undisputed that plaintiff's sexual assaults were wholly unrelated to the giving of advice or rendition of any legal service. Moreover, as discussed, plaintiff's sexual assaults were criminal acts—and thus by their very nature were no part of the practice of law. Accordingly, plaintiff's sexual assaults on the two clients did not arise out of acts committed in plaintiff's professional capacity as an attorney. *Cf. Roe v. Federal Insurance Co.,* 412 Mass. 43, 587 N.E.2d 214 (1992) (claims arising from dentist's improper sexual contact with patient not covered under malpractice insurance because they bore no relationship to dentist's professional services).

### C.

■ Finally, we determine that, even if the policy did afford coverage for plaintiff's claims here, such coverage would violate Illinois public policy.

■ Sexual assault is indisputably a voluntary act of misconduct. And, under Illinois law, an agreement to indemnify or insure against one's voluntary, not accidental, misconduct is against public policy and unenforceable. *See, e.g., Rubenstein Lumber Co. v. Aetna Life & Casualty Co.,* 122 Ill.App.3d 717, 78 Ill.Dec. 541, 462 N.E.2d 660 (1984).

*See also American Family Mutual Insurance Co. v. Johnson,* 816 P.2d 952 (Colo. 1991).

The judgment is affirmed.

ROTHENBERG and ROY, JJ., concur.