**FIRE INSURANCE EXCHANGE, an inter-insurance exchange authority authorized to do business in Colorado, Plaintiff–Appellant,**

v.

**Robert C. BENTLEY and Scott L. Bentley, Defendants– Appellees.**

**No. 96CA1531.**

Colorado Court of Appeals, Div. IV.

Feb. 5, 1998.

Levy & Lambdin, P.C., Stuart D. Morse, Kurt C. Temple, Englewood, for Plaintiff–Appellant.

Robert W. Becker, Denver, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

In this action for declaratory judgment, plaintiff, Fire Insurance Exchange (the insurance company), appeals the summary judgment in which the trial court ruled that the insurance company was obligated to provide a defense for defendants, Scott L. Bentley and Robert C. Bentley, in a Florida lawsuit. We reverse.

Robert Bentley and his wife are the named insureds under a homeowner's insurance policy issued by the insurance company. The policy extends coverage for damages an insured becomes obligated to pay because of bodily injury, property damage, or personal injury resulting from an occurrence.

During the period of coverage, Scott Bentley, son of Robert Bentley, was a college student in Florida. Scott Bentley is alleged to have tape-recorded a sexual encounter with a woman student (Florida plaintiff) in February 1994 without her consent and to have played this tape recording to undisclosed third parties.

Scott Bentley was charged with violating Fla. Stat. Ann. § 934.03 (West 1985 & Supp.1996)(unlawful interception of communications) and pled no contest. The Florida plaintiff subsequently instituted a civil action alleging negligent invasion of privacy, intentional invasion of privacy, and unlawful interception of oral communications against Scott Bentley, and three claims for conspiracy against Robert and Scott Bentley. Robert Bentley contacted the insurance company and requested that it provide a defense to the civil action.

The insurance company filed an action for declaratory judgment asking the court to declare that it had no duty to defend defendants in the Florida civil suit. Defendants counterclaimed for breach of the insurance policy and bad faith breach of the insurance policy. Defendants moved for summary judgment and the insurance company filed a cross-motion for summary judgment.

The trial court held that there was no coverage for the claims of negligent invasion of privacy, intentional invasion of privacy, and unlawful interception of oral communications. The court, however, held that coverage existed for the claims of civil conspiracy. Accordingly, it ruled that the insurance company had a duty to defend defendants in the Florida civil suit.

Subsequent to the court's ruling, the insurance company provided a defense to defendants under a reservation of rights and obtained a settlement in the Florida action. It now appeals the summary judgment entered in its declaratory action.

Summary judgment is a drastic remedy and should only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

## I.

The premise of the insurance company's challenge to the judgment is that it owed defendants no duty to defend because the conduct alleged in the Florida complaint is excluded from coverage by the explicit language of the policy. We agree.

## A.

■ As a preliminary matter, we address the question of the choice of laws applicable in this case. Neither the insurance company nor defendants have raised this issue and both sides cite Colorado and Florida authorities in support of their respective positions. The policy does not contain a choice of law provision. We conclude that the policy must be construed under Colorado law.

The record indicates that the policy was issued to Robert Bentley in Colorado. While there was some dispute whether Scott Bentley was an insured under the policy, that issue was decided adversely to the insurance company and that ruling has not been appealed. Thus, all significant contacts are in Colorado. *See Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979)(adopting the most significant relationship approach for contract actions).

## B.

The interpretation of an insurance contract is a matter of law that may be reviewed *de novo* to determine if claims against an insured are excluded from coverage. *See Union Insurance Co. v. Houtz,* 883 P.2d 1057 (Colo.1994).

■ When interpreting insurance contracts, a court strives to define terms in accordance with their commonly accepted meaning. *Reed v. United States Fidelity &*

*Guaranty Co.,* 176 Colo. 568, 491 P.2d 1377 (1971). Furthermore, coverage provisions in an insurance contract are to be liberally construed in favor of the insured to provide the broadest possible coverage. *Tepe v. Rocky Mountain Hospital & Medical Services,* 893 P.2d 1323 (Colo.App.1994).

■ An insurer's duty to defend arises when the underlying complaint against the insured alleges any facts that might fall within the coverage of the policy. The obligation to defend arises from allegations in the complaint which, if sustained, would impose a liability covered by the policy. *Hecla Mining Co. v. New Hampshire Insurance Co.,* 811 P.2d 1083 (Colo.1991).

■ The duty to defend is broader than the duty to indemnify. *TerraMatrix, Inc. v. United States Fire Insurance Co.,* 939 P.2d 483 (Colo.App.1997). If the underlying complaint asserts more than one claim, a duty to defend against all claims asserted arises if any one of them is arguably a risk covered by the pertinent policy. *Horace Mann Insurance Co. v. Peters,* 948 P.2d 80 (Colo.App. 1997) (*cert. granted* December 22, 1997).

The policy at issue here provides coverage for damages which an insured becomes legally obligated to pay because of bodily injury, property damage, or personal injury resulting from an occurrence. "Personal injury" is defined in the policy to include, *inter alia,* "any injury arising from ... invasion of rights of privacy...."

The policy defines an occurrence as:

[A]n accident including exposure to conditions which results during the policy period in *bodily injury* or *property damage.* (emphasis in original)

The policy further states:

We do not cover *bodily injury, property damage,* or personal injury which:

. . . .

3. is either:

a. caused intentionally by or at the direction of an *insured;* or

b. results from any *occurrence* caused by an intentional act of any *insured* where the results are reasonably foreseeable. (emphasis in original)

An "accident" is not defined in the policy, but has been defined as an unanticipated or unusual result flowing from a commonplace cause. *Carroll v. CUNA Mutual Insurance Society,* 894 P.2d 746 (Colo.1995). An "occurrence" is to be broadly construed against the insurer. *Colard v. American Family Mutual Insurance Co.,* 709 P.2d 11 (Colo.App.1985).

The insurance company argues that because Scott Bentley's actions were done intentionally there was no accident and, therefore, no occurrence. The insurance company also contends that, even if Scott Bentley's actions constitute an occurrence, the conduct alleged would fall within the "intentional acts" exclusion. We conclude that all claims alleged in the Florida complaint fall within the intentional acts exclusion.

In order to avoid policy coverage, an insurer must establish that the exemption claimed applies in the particular case and that the exclusions are not subject to any other reasonable interpretation. The insurer has a duty to defend unless the insurer can establish that the allegations in the complaint are solely and entirely within the exclusions in the insurance policy. An insurer is not excused from its duty to defend unless there is no factual or legal basis on which the insurer might eventually be held liable to indemnify the insured. *Hecla Mining Co. v. New Hampshire Insurance Co., supra.*

The burden is on the insurer to establish the applicability of an exclusion from coverage. Any exclusion must be clear and specific to be enforceable. *Surdyka v. DeWitt,* 784 P.2d 819 (Colo.App.1989).

Any ambiguity in the policy must be interpreted against the insurer. *Allstate Insurance Co. v. Juniel,* 931 P.2d 511 (Colo.App. 1996). Whether a contract is ambiguous is a question of law. *Farmers Insurance Exchange v. Chacon,* 939 P.2d 517 (Colo.App. 1997). We conclude that the policy here is not ambiguous.

The exclusionary language in the second quoted alternative bars coverage where the occurrence results from an insured's intentional act and where the results are reasonably foreseeable. *See Allstate Insurance Co.*

*v. Troelstrup,* 789 P.2d 415 (Colo.1990)(holding that intent to harm may be inferred as a matter of law in cases in which the defendant has engaged in sexual misconduct with a child).

The allegations in the complaint are that Scott Bentley intentionally tape-recorded the sexual encounter and intentionally played the tape for third persons to hear. And, arguably, the result was not necessarily unanticipated or unusual. However, defendants contend there is no evidence that Scott Bentley intended to injure the Florida plaintiff and that, thus, the reasonable foreseeability element of the exclusion was not met. We are not persuaded.

To the contrary, in light of the conduct alleged in the Florida action, we hold that injury from that conduct was reasonably foreseeable as a matter of law. Hence, coverage for the intentional acts of Scott Bentley is excluded.

## C.

Defendants contend that, because the policy expressly provides coverage for injuries resulting from invasion of privacy, the insurance company's failure to provide a defense in the Florida action would make such coverage illusory. We reject this contention.

The provisions quoted above reveal that the policy expressly covers injuries resulting from invasions of rights of privacy, but not injuries caused by intentional acts. We conclude that a reasonable reading of the policy is that, under certain circumstances, a claim of invasion of privacy could be within policy coverage, but that here the acts alleged in the Florida action are not of the type for which coverage is provided.

In *Ozer v. Borquez,* 940 P.2d 371 (Colo. 1997), the supreme court listed four means by which the right of privacy may be invaded in a way that will be actionable: (1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light

before the public. *See State Farm Fire & Casualty Co. v. Compupay, Inc.,* 654 So.2d 944 (Fla.App.1995)(defining actionable invasion of the right of privacy).

Here, the Florida plaintiff's complaint does not categorize the claim of invasion of privacy within any of the four types described in the *Ozer* opinion. Instead, under the claim of negligent invasion of privacy, the Florida complaint alleges that Scott Bentley negligently recorded the encounter, that the recording was accomplished without the knowledge or consent of plaintiff, that Scott Bentley negligently allowed numerous other individuals to listen to the tape, and that as a result plaintiff has experienced various injuries. The intentional invasion of privacy claim is essentially the same, but alleges the conduct was done "knowingly, intentionally and maliciously."

In considering claims based on unreasonable intrusion upon the seclusion of another, courts have generally held that such claims require proof of intentional acts. *See Carter v. Innisfree Hotel, Inc.,* 661 So.2d 1174 (Ala. 1995)(holes in motel mirror); *Purrelli v. State Farm Fire & Casualty Co.,* 698 So.2d 618 (Fla.App.1997)(video of woman at chiropractor session); *Bailer v. Erie Insurance Exchange,* 344 Md. 515, 687 A.2d 1375 (Md.App.1997)(video camera in shower); *People for Ethical Treatment of Animals v. Berosini,* 111 Nev. 615, 895 P.2d 1269 (1995)(video of animal trainer beating animals); *Mauri v. Smith,* 324 Or. 476, 929 P.2d 307 (1996)(officers allow private process servers to enter plaintiff's home); *Harris v. Carbonneau,* 165 Vt. 433, 685 A.2d 296 (1996)(service of summons on disabled plaintiffs).

If based on unreasonable publicity given to another's private life, some courts have also required that the conduct be intentional. *See Snakenberg v. Hartford Casualty Insurance Co.,* 299 S.C. 164, 383 S.E.2d 2 (S.C.App. 1989); *Lineberry v. State Farm Fire & Casualty Co.,* 885 F.Supp. 1095 (M.D.Tenn. 1995). But, a reckless disregard mental state has also been held as sufficient. *See Ozer v. Borquez, supra* (reckless disregard of the private nature of the fact or facts disclosed).

Some jurisdictions have allowed claims of invasion of privacy based on negligent conduct. *See Prince v. St. Francis–St. George Hospital,* 20 Ohio App.3d 4, 484 N.E.2d 265 (1985). Specifically, where the invasion of privacy claim is based on allegations of publicity that unreasonably places another in a false light before the public, the courts in certain jurisdictions have allowed recovery under a negligence theory. *See Dresbach v. Doubleday & Co.,* 518 F.Supp. 1285 (D.D.C. 1981); *Russell v. Thomson Newspapers, Inc.,* 842 P.2d 896 (Utah 1992); *Crump v. Beckley Newspapers, Inc.,* 173 W.Va. 699, 320 S.E.2d 70 (1983).

Thus, we conclude that the policy here does provide coverage for some claims of invasion of privacy, but specifically excludes those based on intentional conduct.

### D.

■ Defendants, however, contend that the presence of a negligence claim in the complaint invokes the insurance company's duty to defend. We disagree.

In *Colorado Farm Bureau Mutual Insurance Co. v. Snowbarger,* 934 P.2d 909 (Colo. App.1997), the complaint filed against the insured included claims of intentional as well as negligent acts. The insured argued that, because of the negligence claims, the insurer owed a duty to defend. A division of this court disagreed, holding that the only facts recited in the complaint concerned the repeated acts of sexual assault. Hence, it concluded that, because no factual allegations in the complaint supported a negligence claim, the insurer had no duty to defend or indemnify. *See also Bertagnolli v. Ass'n of Trial Lawyers,* 934 P.2d 916 (Colo.App.1997)(regardless of how the claims against an insured are denominated, a court looks to the essence of the claim rather than how it is characterized in the pleadings).

Similarly, here, although the Florida plaintiff's complaint is expressed in terms of negligence, it alleges only intentional conduct. Consequently, all the asserted claims based on invasion of privacy are barred by the intentional conduct exclusion.

### E.

 The Florida plaintiff also alleged unlawful interception of communications, which is based on Scott Bentley's use of the tape recorder and disclosure to others. As noted, we view the conduct alleged as intentional. Further, the Florida statute requires intentional conduct. Fla. Stat. Ann. § 934.03 (West 1985 & Supp.1996). And, the statute allowing civil actions is premised on a violation of Fla. Stat. Ann. §§ 934.03—934.09 (West 1985 & Supp.1996). Hence, this claim too falls within the intentional conduct exclusion.

### F.

One of the three conspiracy counts is based on a violation of the Florida statutes regarding interception of oral communications. Another conspiracy count alleges that Scott Bentley "knowingly, intentionally, and maliciously" tape-recorded the encounter and played it for others. The third conspiracy count alleges that Scott Bentley acted negligently in recording and allowing others to listen to the recording.

 The elements of civil conspiracy are that: (1) two or more persons; (2) come to a meeting of the minds; (3) on an object to be accomplished or a course of action to be followed; (4) and one or more overt unlawful acts are performed; (5) with damages as the proximate result thereof. *Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486 (Colo.1989). Hence, conspiracy requires a showing of intentional conduct. *See Sackman v. Liggett Group, Inc.*, 965 F.Supp. 391 (E.D.N.Y.1997); *Triplex Communications, Inc. v. Riley*, 900 S.W.2d 716 (Tex.1995).

Thus, here, because the conspiracies alleged involved intentional acts whose results were reasonably foreseeable, coverage for these claims is also excluded.

### II.

Finally, in view of our disposition, we reject defendants' request for attorney fees.

* Opinion previously announced as non–published December 18, 1997 is now selected for publica-

*See Wood Bros. Homes, Inc. v. Howard*, 862 P.2d 925 (Colo.1993).

The judgment declaring that the insurance company was obligated to defend defendants in the Florida action is reversed.

NEY and ROY, JJ., concur.