**Robert Arthur SACHS and Moira Olivia Sachs, Plaintiffs–Appellants,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Defendant–Appellee.**

No. 09CA1536.

Colorado Court of Appeals, Div. VI.

Aug. 19, 2010.

Sherman & Howard, L.L.C., Christopher R. Mosley, Brooke Pates, Reed W. Morgan, Denver, Colorado, for Plaintiffs–Appellants.

Lambdin & Chaney, LLP, Suzanne Lambdin, Michael G. Paul, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge LOEB.

In this insurance coverage dispute, plaintiffs, Robert Arthur Sachs and Moira Olivia Sachs, appeal the summary judgment entered in favor of defendant, American Family Mutual Insurance Company. We affirm.

## I. Background and Procedural History

The sole issue in this appeal is whether the district court erred in concluding that American Family had no duty to defend the Sachses from claims in a lawsuit brought against them by the buyers of their former home.

On or about October 15, 2004, Stanford and Susan Stevens (buyers) purchased the Sachses' Colorado Springs residence. After the sale, the residence's basement floor subsided by four inches. The buyers subsequently sued the Sachses for breach of contract, fraudulent misrepresentation, and negligent misrepresentation. The buyers sought to recover $65,000 for repairs, and also sought compensation for their emotional distress.

The Sachses requested that American Family defend them against the buyers' claims under the homeowners insurance policy (the policy) that the Sachses then maintained on their Grand Junction residence, even though the policy did not list their former Colorado Springs residence as an in-

sured premises. American Family denied the Sachses' request.

Thereafter, the Sachses brought this action against American Family, alleging four claims for relief based on American Family's alleged breach of its duty to defend them in the buyers' lawsuit. The Sachses filed a motion for partial summary judgment on the issue of whether American Family owed them a duty to defend. American Family also filed a cross-motion for summary judgment on the Sachses' claims.

American Family argued that it did not owe the Sachses a duty to defend because all of the buyers' claims fell within various exclusions in the policy. Specifically, and as pertinent to this appeal, American Family argued that the negligent misrepresentation claim fell within the "premises owned" exclusion in the policy. In that regard, American Family argued that the premises owned exclusion applied (1) to both currently owned and previously owned premises (like the Colorado Springs home) that are not listed in the policy as an "insured premises"; and (2) to all claims regardless of whether they could be characterized as premises liability or personal tort claims.

In a detailed written order, the district court denied the Sachses' motion for partial summary judgment and granted American Family's cross-motion for summary judgment. The district court first concluded that the buyers' breach of contract claim against the Sachses was excluded under the policy's exclusion for "personal liability under any contract or agreement." The court also concluded the buyers' fraudulent misrepresentation claim fell within the policy's exclusion for intentional injury. Neither of those conclusions is contested in this appeal. With respect to the buyers' negligent misrepresentation claim, the district court concluded that American Family had no duty to defend the Sachses against that claim because the claim fell within the policy's premises owned exclusion. In so ruling, the court reasoned that the premises owned exclusion unambiguously applied to the buyers' negligent misrepresentation claim (1) because the Sachses owned their Colorado Springs home at "the time of the [their] alleged acts or omissions, *i.e.*,

their negligent misrepresentation"; and (2) because the premises owned exclusion covered claims without regard to their characterization as premises liability claims or personal tort claims.

This appeal followed.

## II. Duty to Defend

The Sachses contend the district court erred in granting American Family's motion for summary judgment because American Family had a duty to defend them under the terms of the policy. In particular, they argue the buyers' negligent misrepresentation claim did not fall within the premises owned exclusion to the policy's coverage because the exclusion (1) applies only to currently owned premises and (2) applies only to premises liability claims. We conclude the district court did not err in granting summary judgment for American Family.

### A. Standard of Review

We review the grant of a summary judgment motion de novo. *W. Elk Ranch, L.L.C. v. United States,* 65 P.3d 479, 481 (Colo. 2002); *Fire Ins. Exch. v. Sullivan,* 224 P.3d 348, 351 (Colo.App.2009). Summary judgment is appropriate when the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *W. Elk Ranch,* 65 P.3d at 481. The nonmoving party is entitled to any favorable inferences that may reasonably be drawn from the facts, and all doubts must be resolved against the moving party. *Clementi v. Nationwide Mut. Fire Ins. Co.,* 16 P.3d 223, 225–26 (Colo. 2001); *Sullivan,* 224 P.3d at 351.

Likewise, we review the interpretation of an insurance policy de novo. *Hoang v. Assurance Co.,* 149 P.3d 798, 801 (Colo. 2007). Specifically, whether claims against an insured are excluded from coverage by an insurance contract is a matter of law we review de novo. *Sullivan,* 224 P.3d at 351.

We construe an insurance policy according to principles of contract interpretation. *Hoang,* 149 P.3d at 801. In interpret-

ing a contract, we give effect to the intent and reasonable expectations of the parties. *Id.* Further, we read the provisions of an insurance policy as a whole, rather than reading them in isolation. *Sullivan,* 224 P.3d at 351. Accordingly, we construe the policy so that all provisions are harmonious and none is rendered meaningless. *Progressive Specialty Ins. Co. v. Hartford Underwriters Ins. Co.,* 148 P.3d 470, 474 (Colo.App.2006).

 In addition, we must enforce the plain language of the policy unless it is ambiguous. *Hoang,* 149 P.3d at 801. An insurance policy is ambiguous if it is susceptible of more than one reasonable interpretation. *Id.* Although ambiguous coverage provisions in an insurance contract are liberally construed in favor of the insured, courts may neither add provisions to extend coverage beyond that contracted for, nor delete them to limit coverage. *Cyprus Amax Minerals Co. v. Lexington Ins. Co.,* 74 P.3d 294, 299 (Colo. 2003).

### B. American Family's Duty to Defend

 An insurer has a duty to defend its policyholder when "the underlying complaint alleges *any facts* or claims that might fall within the ambit of the policy." *Id.* The insurer must defend against all claims as long as any one of them is arguably covered under the policy. *Fire Ins. Exch. v. Bentley,* 953 P.2d 1297, 1300 (Colo.App.1998). An insurer has a heavy burden to overcome in avoiding the duty to defend, because "the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." *Cyprus,* 74 P.3d at 301 (quoting *Compass Ins. Co. v. City of Littleton,* 984 P.2d 606, 614 (Colo.1999)).

Here, the Sachses' policy contains the following provision concerning American Family's duty to defend:

COVERAGE D—PERSONAL LIABILITY COVERAGE

. . . .

Defense Provision.

If a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this policy applies, we will provide a defense at our expense by counsel of our choice. We will defend any suit or settle any claim for damages under this policy as we think proper.

The policy defines an "occurrence" as "an accident, including exposure to conditions, which results during the policy period in bodily injury or property damage." *See Bentley,* 953 P.2d at 1301 (defining an accident as "an unanticipated or unusual result flowing from a commonplace cause").

The policy also contains three exclusions pertinent to this case. The first two provisions exclude coverage for "personal liability under any contract or agreement" and "intentional injury." The exclusion at issue in this appeal, the "premises owned" exclusion, provides as follows:

14. Premises Owned, Rented or Controlled. We will not cover bodily injury or property damage arising out of any act or omission occurring on or in connection with any premises owned, rented or controlled by any insured other than an insured premises.

As relevant here, an "insured premises" is defined in the policy as "that dwelling, related private structures and grounds at that location where you reside."

As noted above, the Sachses have not appealed the district court's determination that the buyers' breach of contract and fraudulent misrepresentation claims did not trigger American Family's duty to defend because those claims fell within the policy's exclusions for contract liability and liability for intentional injuries, respectively. Thus, American Family had a duty to defend the Sachses against the buyers' lawsuit only if the buyers' negligent misrepresentation claim was not also excluded from coverage under the premises owned exclusion.

### C. Applicability of Exclusion to Formerly Owned Home

 We first address and reject the Sachses' contention that the premises owned exclusion does not apply to the buyers' negligent misrepresentation claim because the exclusion applies only to their currently owned premises. In support of their contention, the

Sachses argue that the relevant point in time is the time of the occurrence—namely, when the damage occurred to their former residence. American Family contends the relevant point in time is the time of the Sachses' alleged acts or omissions—namely, their negligent misrepresentation. We agree with American Family and conclude that the buyers' claim falls within the exclusion because the exclusion unambiguously applies to both presently owned and formerly owned premises.

In rejecting the Sachses' argument, the district court reasoned that the plain language of the exclusion provided

> the simplest [and most persuasive] reason why "premises owned" means "owned at the time of the act or omission in question...." The phrase "any act or omission occurring on or in connection with any premises owned" requires that ownership be assessed as of the time of the act or omission. It makes no sense to base coverage on the fortuity of whether the insured still owns the premises at some later date, as the [Sachses] contend. If this were the rule, then an insured could obtain coverage by simply conveying the premises where the act or omission occurred to someone else.

We agree with the district court's reasoning and analysis of the plain language of the exclusion.

While we have not found, and the parties have not cited, any published Colorado appellate opinions addressing whether a premises owned exclusion is applicable to formerly owned premises, other state and federal courts interpreting similar policy provisions have concluded that the exclusion applies both to an insured's presently and formerly owned premises.

For instance, in *Wickner v. American Reliance Insurance Co.*, 141 N.J. 392, 661 A.2d 1256, 1258 (1995), the New Jersey Supreme Court interpreted a premises owned exclusion similar to that at issue here. The exclusion provided that the insurer was "not liable for any loss for bodily injury or property damage ... 'arising out of a premises owned, rented, or controlled by an insured, other than an insured premises.'" *Id.* The court

concluded that the purpose of the exclusion provision was "clear and unambiguous:"

> The ... exclusion ... is intended to preclude from coverage injuries or property damage arising out of property that is owned by the insured, but unlisted in the policy. The reason for the exclusion is that the unlisted property and the risks associated with it have not been included in the underwriting consideration or the determination of the cost of the policy. Such property can be insured either through the purchase of separate insurance for that property or by its listing and inclusion under the coverage of the existing policy with a commensurate premium charge.

*Id.* at 1258–59. The *Wickner* court further explained that providing coverage for formerly owned premises produced a counterintuitive result:

> It would be illogical and anomalous to assume that an insurance policy precluding coverage for personal injuries or property damage arising out of property owned by an insured but unlisted in the policy could be interpreted to cover such claims simply because the insured had sold the property, and hence did not "own" the property at the time of the occurrence or accident giving rise to liability and a claim of insurance coverage.... Thus, if that owned property is not listed in the policy, it is excluded from coverage under the policy.

*Id.* at 1259.

In *Towns v. Vermont Mutual Insurance Co.*, 169 Vt. 545, 726 A.2d 65, 67 (1999), the Vermont Supreme Court concluded:

> A fair inference from the definition of "insured location" is that the policy only covers property where the insured currently resides or on which the insured is building a dwelling with the intent of residing therein. Since the contract coverage does not appear to extend to previously owned premises in the first instance, a reasonable insured would not expect an exclusionary provision to specifically prohibit such coverage.

*Id.*; accord Preston v. Goldman, 42 Cal.3d 108, 227 Cal.Rptr. 817, 720 P.2d 476, 484

(1986) (concluding that neither homeowners nor insurers would "ordinarily intend or reasonably expect coverage" for an accident on formerly owned premises, absent explicit coverage to the contrary); *State Farm Fire & Cas. Co. v. Thomas,* 756 F.Supp. 440, 445 (N.D.Cal.1991) ("No reasonable homeowner or insurer would expect such a result.").

We find the reasoning of these cases persuasive and conclude that the premises owned exclusion in the policy applies to the Sachses' former Colorado Springs home. As the district court concluded here, the plain and unambiguous language of the policy's premises owned exclusion demonstrates that the parties intended the policy to cover only insured premises listed in the policy. *See Towns,* 726 A.2d at 67. In addition, this interpretation adheres to the clear intent of the parties to allow American Family to properly underwrite the risk associated with the insured premises without unknowingly assuming the risks associated with unlisted premises. *See Wickner,* 661 A.2d at 1259. And this interpretation avoids the counterintuitive result that an insured who sells an unlisted premises would instantly obtain coverage for liabilities that had been excluded while the insured still owned the premises. *See id.*

We reject the Sachses' various arguments that inconsistent and absurd results would occur if the premises owned exclusion applies *only* to formerly owned properties and not to those currently owned. Those arguments miss the mark because they mischaracterize American Family's position (and our interpretation here) that the premises owned exclusion applies to claims arising out of acts or omissions occurring on or in connection with *any* premises owned (formerly or presently), other than an insured premises listed under the policy. As discussed above, the pertinent inquiry to the exclusion's applicability is whether the premises were owned at the time of the alleged act or omission. In that regard, whether the subject premises were sold before the injury or damage occurred is immaterial to the applicability of the exclusion. Accordingly, contrary to the Sachses' argument, we perceive no absurd or inconsistent results in applying the exclusion to *all* premises owned by an insured at the time of the alleged act or omission which are not listed as "insured premises" in the policy.

In sum, we conclude that the premises owned exclusion in the Sachses' policy unambiguously applies to both formerly owned and presently owned premises not listed in the policy. *See Wickner,* 661 A.2d at 1258; *Towns,* 726 A.2d at 67. Accordingly, because it is undisputed that the Sachses owned the Colorado Springs property at the time of their alleged negligent misrepresentation, the district court correctly ruled that the premises owned exclusion applied and that American Family had no duty to defend the Sachses on that claim.

### D. Applicability of Exclusion to Personal Tort Claims

We also conclude that, contrary to the Sachses' contention, the premises owned exclusion applies to claims regardless of whether they are characterized as premises liability or personal tort claims.

The Sachses argue that the premises owned exclusion applies only to premises liability claims. They base their argument largely on the distinction, as recognized in *Tacker v. American Family Mutual Insurance Co.,* 530 N.W.2d 674 (Iowa 1995), between two kinds of perils covered under a homeowners policy's liability coverage: "(1) liability resulting from the condition of the insured premises ['premises liability'] and (2) liability stemming from the insured's tortious personal conduct ['personal tort liability'] which may occur *at any place* on or off the insured premises." *Id.* at 677 (emphasis added). The Sachses argue that the premises owned exclusion can only logically apply to premises liability coverage, because personal tort coverage is intended and expected to apply "at any place." *See id.*

We reject this argument because the cases relied on by the Sachses are distinguishable and simply not applicable here, and because the plain language of the premises owned exclusion in the Sachses' policy forecloses any distinction between claims based on premises liability and those based on personal tort liability.

For instance, unlike the exclusion in the Sachses' policy, the exclusion in the *Tacker* policy was narrowly worded. It excluded from coverage any bodily injury or property damage *"arising out of the ownership* ... of any premises other than an insured premise." *Id.* at 675 (emphasis added). The *Tacker* court concluded that this language excluded only claims where there was a causal connection between the homeownership and the homeowner's negligence. *Id.* at 677.

The Sachses' reliance on *Hanson v. General Accident Fire & Life Insurance Corp.*, 450 So.2d 1260, 1261 (Fla.Dist.Ct.App.1984), is similarly misplaced. The policy in *Hanson* also contained exclusionary language (*"arising out of any premises,* other than an insured premises, owned, rented or controlled by any insured") significantly different from the language in the Sachses' policy. *Id.* (emphasis added). The court in *Hanson* concluded that the quoted language from the homeowners policy there narrowed "the scope of [the] exclusion to incidents that have a causal relationship to the premises, as opposed to incidents that merely occur on such premises." *Id.*

Furthermore, both *Tacker* and *Hanson* explicitly recognize that an insurer may broaden the scope of the exclusion and place geographic limits on its liability for its insured's tortious personal conduct. *Tacker,* 530 N.W.2d at 677; *Hanson,* 450 So.2d at 1261; *see also Cal. Cas. Ins. Co. v. Am. Family Mut. Ins. Co.,* 208 Ariz. 416, 94 P.3d 616, 621 (App.2004).

For instance, the *Tacker* court explained that:

> Had American Family wanted to geographically limit the coverage provided for tortious personal conduct, it could have easily done so. Instead of excluding coverage for bodily injury "arising out of the ownership ... [of] other than an insured premise[s]," it could have excluded coverage for injury *"occurring on"* other than an insured premises. It apparently chose not to do so.

*Tacker,* 530 N.W.2d at 677 (citations omitted and emphasis added).

Likewise, the *Hanson* court noted that "a clause excluding accidents that happen *'in connection with'* owned, but uninsured, premises excludes more broadly than a clause excluding accidents that 'arise out of' such premises." *Hanson,* 450 So.2d at 1261 (emphasis added).

Indeed, in *California Casualty,* the Arizona Court of Appeals concluded that the wording of the premises owned exclusion at issue in that case, which was identical to the wording in the Sachses' policy, applied more broadly than exclusions containing the "arising out of a premises" wording. *California Casualty,* 94 P.3d at 621. This broader exclusion language "geographically limit[ed] the coverage provided for tortious personal conduct of the insured, excluding coverage for tortious acts 'occurring on' owned and uninsured premises." *Id.*

Here, the Sachses' policy, like the policy in *California Casualty,* and unlike the policies in *Tacker* and *Hanson,* includes wording that expressly and unambiguously limits American Family's liability for claims of bodily injury or property damage arising out of any act or omission occurring on or in connection with any premises owned by the insured other than an insured premises. The exclusion's own wording ("any act or omission occurring on or in connection with any premises owned") contains no express limitation to premises liability claims. Nor does it contain the "arising out of the ownership" or "arising out of any premises" language that the *Tacker* and *Hanson* courts held narrowed the applicability of the exclusion to homeownership or location. Rather, as American Family argues, the language in the exclusion here is applicable because there is a causal connection between the Sachses' alleged conduct (negligent misrepresentation) and their formerly owned residence.

Moreover, the premises owned exclusion in the Sachses' policy essentially combines the language that *Tacker* and *Hanson* suggested would demonstrate an insurer's intention to broaden the scope of the exclusion. The exclusion in the Sachses' policy applies to "property damage arising out of any act or omission *occurring on* or *in connection with* any premises owned, rented or controlled by

any insured other than an insured premises" (emphasis added). Thus, the broader exclusion language in the Sachses' policy unambiguously demonstrates that the exclusion applies here, regardless of whether the negligent misrepresentation claim is characterized as a premises liability or personal tort claim.

In sum, we conclude the exclusion unambiguously applies to the buyers' negligent misrepresentation claim because, as the district court noted, "[t]here can be no serious dispute that . . . this act or omission occurred 'in connection with' the [Colorado Springs] premises."

Therefore, the buyers' claim falls within the premises owned exclusion, and American Family owed the Sachses no duty to defend against the buyers' lawsuit. *See Cyprus,* 74 P.3d at 301; *Bentley,* 953 P.2d at 1300. Accordingly, we conclude the district court did not err in granting summary judgment for American Family.

Because of our resolution of this matter, we need not address the Sachses' remaining contentions.

The judgment is affirmed.

Judge GRAHAM and Judge STERNBERG * concur.