NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY vs. NORTON, 100 Mass. App. Ct. 476

 
 NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY vs. CHRISTOPHER NORTON & another. [Note 1]

100 Mass. App. Ct. 476
 September 14, 2021 - November 8, 2021

Court Below: Superior Court, Norfolk County
Present: Meade, Shin, & Walsh, JJ.

 

Contract, Insurance. Insurance, Homeowner's insurance, Owned property exclusion. Practice, Civil, Summary judgment.

This court concluded that an uninsured premises exclusion provision of a homeowner's insurance policy issued by the plaintiff insurer, excluding personal liability coverage for bodily injury or property damage arising out of premises owned by the defendant insureds that were not an insured location, applied to a property that the insureds owned at the time of the events that gave rise to a third-party claim but that the insureds no longer owned during the policy period, where the third parties' claims against the insureds were inextricably linked to the condition of the uninsured premises (i.e., flooding of the uninsured property that the insureds had sold to the third parties was causally related to the uninsured property's condition), and where the insureds owned the uninsured property at the time of the conduct that gave rise to the potential liability (i.e., at the time of purported misrepresentations made by the insureds and the events leading up to the sale of the uninsured property to the third parties); accordingly, the insurer had no duty to defend or to indemnify the insureds in the third-party action, and summary judgment properly entered in favor of the insurer. [478-481]

CIVIL ACTION commenced in the Superior Court Department on September 6, 2019.

 The case was heard by Rosemary Connolly, J., on a motion for summary judgment.

Nathaniel Donoghue for the defendants.

Michael R. Byrne for the plaintiff.

 SHIN, J. This case requires us to interpret a provision in a homeowner's policy excluding personal liability coverage for bodily injury or property damage "arising out of a premises," "[o]wned by an 'insured,'" "that is not an 'insured location.'" In particular, the main issue we address is whether this exclusion applies to property that the insureds, Christopher and Dorothy

 Page 477 

 Norton (Nortons), owned at the time of the events giving rise to the third-party claims, but no longer owned during the policy period. We conclude that the exclusion does apply and that the insurer, Norfolk & Dedham Mutual Fire Insurance Company (Norfolk), is under no duty to defend or to indemnify the Nortons in the third-party action. Accordingly, we affirm the grant of summary judgment in Norfolk's favor.

 Background. No material facts are in dispute. In February 2017 the Nortons sold their home in Duxbury to two buyers. Over two years later, the buyers brought suit against Christopher Norton [Note 2] for intentional and negligent misrepresentation and breach of contract, claiming that he made false statements that induced them to purchase the property. Specifically, their complaint alleged the following. Prior to the sale, the Nortons executed a "Seller's Statement of Property Condition," representing that the home had no "water drainage problems" and that there were no "water," "seepage," or "dampness" issues in the basement. Christopher knew that these representations were false, however, because he had learned from the home's previous owners that the basement had flooded in the 1990s and in 2005. In January and March 2018, the basement flooded again, causing significant damage to the home and the buyers' personal property. As a result, the buyers had to purchase new personal property, raise the home by several feet, repair and replace the utility systems, "and do extensive engineering, architectural, construction and site work including changing the topography of the land to prevent more damage from future flooding." 

 Christopher tendered the defense of the buyers' lawsuit to Norfolk based on a homeowner's policy (policy) that Norfolk issued in September 2017 for the Nortons' new home in Sandwich. The policy, which was in effect when the Duxbury property flooded in 2018, provides coverage for personal liability "[i]f a claim is made or a suit is brought against an 'insured' for damages because of 'bodily injury' or 'property damage' caused by an 'occurrence.'" The coverage is subject to a number of exclusions, however, including one that applies to bodily injury and property damage arising out of an uninsured location. In particular, the exclusion bars coverage for:

"'Bodily injury' or 'property damage' arising out of a premises:

 Page 478 

 "a. Owned by an 'insured'; 

 "b. Rented to an 'insured'; or

 "c. Rented to others by an 'insured'; 

 "that is not an 'insured location.'" [Note 3]

 The policy defines "insured location," in material part, as the "[r]esidence premises," which is defined in turn as "[t]he . . . dwelling where [the insured] reside[s] . . . and which is shown as the 'residence premises' in the Declarations." The "residence premises" identified on the declarations page is the Nortons' home in Sandwich. There is no dispute that the Duxbury property is not an insured location under the policy.

 Soon after the buyers filed their lawsuit, Norfolk brought this action seeking a declaratory judgment that it has no duty to defend or to indemnify the Nortons. A Superior Court judge concluded that Norfolk was entitled to judgment as a matter of law because, among other reasons, the uninsured premises exclusion is clear and unambiguous and operates to bar coverage. This appeal by the Nortons followed. 

 Discussion. "The interpretation of an insurance policy is a question of law subject to de novo review." Green Mountain Ins. Co. v. Wakelin, 484 Mass. 222, 226 (2020) (Wakelin). Our "objective is to 'construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose.'" Massachusetts Prop. Ins. Underwriting Ass'n v. Wynn, 60 Mass. App. Ct. 824, 827 (2004), quoting Gross v. Prudential Ins. Co. of Am., 48 Mass. App. Ct. 115, 119 (1999).

 "[H]omeowner's insurance provides protection against 'two distinct perils': '(1) liability resulting from the condition of the insured premises, and (2) liability stemming from the insured's tortious personal conduct which may occur at any place on or off the insured premises.'" Wakelin, 484 Mass. at 226-227, quoting Tacker v. American Family Mut. Ins. Co., 530 N.W.2d 674, 677 (Iowa 1995). The uninsured premises exclusion bars coverage for a "distinct third 'peril' -- injury arising out of the premises of uninsured property -- because the insurer has not been given the opportunity to inspect and assess the uninsured property and been 

 Page 479 

compensated to assume this additional risk." Wakelin, supra at 227. Without an opportunity for inspection, the insurer cannot know the risks associated with the uninsured property and cannot include them in the underwriting determination. "It is for this reason that the uninsured premises exclusion exists in most if not all homeowner's insurance policies providing personal liability coverage." Id.

 To determine whether the uninsured premises exclusion applies in this case, we must resolve two disputes between the parties regarding the exclusionary language. The first is whether the property damage claimed by the buyers "aris[es] out of" the uninsured Duxbury property. We do not see this as a close question. We give the words "arising out of" a "broad meaning," "incorporating a greater range of causation than that encompassed by proximate cause." Commerce Ins. Co. v. Theodore, 65 Mass. App. Ct. 471, 476 (2006), quoting Bagley v. Monticello Ins. Co., 430 Mass. 454, 457 (1999). An injury arises out of a premises if it has a causal connection to "a condition of the premises," as opposed to an injury that "could have happened anywhere." Wakelin, 484 Mass. at 233. See Commerce Ins. Co., supra at 476; Callahan v. Quincy Mut. Fire Ins. Co., 50 Mass. App. Ct. 260, 262 (2000). Here, the buyers' claimed property damage is inextricably linked to the condition of the Duxbury premises. Even if, as the Nortons contend, the proximate cause of the property damage was severe storms, features of the premises -- such as its location, architecture, and topography -- still contributed to the flooding and the resulting damage. Thus, unlike a dog bite or burns caused by spilled coffee, see Callahan, supra at 263, or an accident caused by a portable generator, see Wakelin, supra at 231-233, which could happen anywhere, the flooding was causally related to the uninsured property's condition. See Commerce Ins. Co., supra (injury sustained by person while cutting down dead tree was "one 'arising out of a premises'").

 The parties' second dispute concerns the meaning of the words "owned by an insured." The Nortons argue that "owned" means owned during the policy period and cannot be read to encompass property that was "previously owned by the insured." Under that reading the uninsured premises exclusion would not apply because the Nortons no longer owned the Duxbury property when the flooding occurred and caused the property damage. Norfolk argues, on the other hand, that what matters for purposes of the 

 Page 480 

exclusion is whether the Nortons owned the property at the time of the conduct giving rise to the potential liability -- in other words, "at the time of the purported misrepresentations and the events leading up to the sale of the home." 

 We agree with Norfolk's interpretation. Again, the reason for the uninsured premises exclusion is that the insurer has not had the opportunity to inspect the uninsured property and underwrite the associated risks. See Wakelin, 484 Mass. at 227. Had the Nortons still owned the Duxbury property when the flooding occurred (as a second home or rental property, for instance), it is beyond reasonable dispute that the exclusion would have applied and the policy would not have covered the damage. The Nortons would have had to insure the property by allowing inspection and purchasing additional coverage. See id. It would be anomalous then to construe the exclusion not to apply simply because the Nortons sold the property before they made the claim for coverage. Were we to conclude otherwise, "we would be providing insureds with more insurance protection for having sold their property than would be attributable to them during the time they owned the property." Wickner v. American Reliance Ins. Co., 141 N.J. 392, 399 (1995). See Sachs v. American Family Mut. Ins. Co., 251 P.3d 543, 548 (Colo. Ct. App. 2010) (interpreting uninsured premises exclusion to apply to formerly owned property "avoids the counterintuitive result that an insured who sells an unlisted premises would instantly obtain coverage for liabilities that had been excluded while the insured still owned the premises"). 

 Indeed, by the Nortons' logic, a subsequently issued homeowner's policy on a different property would require the insurer to defend third-party claims arising out of any property that the insured formerly owned, and the insurer never inspected, as long as the event causing the bodily injury or property damage occurred during the policy period. No reasonable insured or insurer would expect such a result. See Hazen Paper Co. v. United States Fid. & Guar. Co., 407 Mass. 689, 700 (1990) ("It is . . . appropriate, in construing an insurance policy, to consider what an objectively reasonable insured, reading the relevant policy language, would expect to be covered"); Metropolitan Prop. & Cas. Ins. Co. v. Fitchburg Mut. Ins. Co., 58 Mass. App. Ct. 818, 823 (2003), quoting Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 245 (1986) ("the favored interpretation of an insurance policy is one

 Page 481 

 which 'best effectuates the main manifested design of the parties'"). Rather, the only fair reading of the exclusionary language "owned by an insured" is that it applies to property owned by the insured at the time of the act or omission giving rise to the insured's potential liability. See Shelter Mut. Ins. Co. v. Ballew, 203 S.W.3d 789, 793 (Mo. Ct. App. 2006) (exclusion applied because "type of negligence . . . claimed in the underlying action . . . would have had to occur while the [insureds] owned the property"); Wickner, 141 N.J. at 398 ("Although the ownership might have terminated prior to [the] occurrence or accident, the ownership of the premises and the insured's conduct as an incident of that ownership, nonetheless gave rise to the potential loss"). This result is in line with the decisions of virtually every jurisdiction to have considered the question. See Huntzinger v. Hastings Mut. Ins. Co., 143 F.3d 302, 317 (7th Cir. 1998) (applying Indiana law); Preston v. Goldman, 42 Cal.3d 108, 120-121 (1986); Sachs, 251 P.3d at 548; Shelter Mut. Ins. Co., supra at 793-795; Wickner, supra at 398-399; Towns v. Vermont Mut. Ins. Co., 169 Vt. 545, 546-547 (1999). [Note 4]

 Finally, we reject the Nortons' alternative argument that summary judgment on Norfolk's duty to defend was premature. Although an insurer's duty to defend is broader than its duty to indemnify, the insurer need only undertake a defense "if the allegations of the [third-party] complaint are 'reasonably susceptible' of an interpretation that they state or adumbrate a claim covered by the policy terms." Liberty Mut. Ins. Co. v. SCA Servs., Inc., 412 Mass. 330, 332 (1992), quoting Continental Cas. Co. v. Gilbane Bldg. Co., 391 Mass. 143, 146-147 (1984). This is an issue that may be resolved on summary judgment. See Liberty Mut. Ins. Co., supra at 337-338. The record in this case, even viewed in the light most favorable to the Nortons, establishes that the uninsured premises exclusion applies as a matter of law and so there is no "liability arising on the face of the [third-party] complaint and policy." Id. at 338, quoting Sterilite Corp. v. Continental Cas. Co., 17 Mass. App. Ct. 316, 324 (1983). Summary judgment thus properly entered. 

 Ruling as we do, we need not address Norfolk's contention that the buyers' claims against Christopher fall outside the scope of

 Page 482 

 the policy because the alleged misrepresentations do not qualify as an "occurrence" and did not result in property damage during the policy period.

Judgment affirmed.

FOOTNOTES
[Note 1] Dorothy Norton. 

[Note 2] For clarity we will refer to Christopher by his first name. 

[Note 3] We will refer to this as the "uninsured premises exclusion," adopting the terminology used in Green Mountain Ins. Co. v. Wakelin, 484 Mass. 222, 227 (2020). 

[Note 4] The lone case we have found to the contrary, Hatco Corp. v. W.R. Grace & Co., 801 F. Supp. 1334, 1358-1359 (D.N.J. 1992), was abrogated by the Supreme Court of New Jersey in Wickner, 141 N.J. at 399. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.